Empire Box Corporation of Stroudsburg, a Delaware corporation, v. Illinois Cereal Mills, a Delaware corporation.

284

(*July* 9, 1952.)

TERRY, J., sitting.

*Edwin D. Steel, Jr.,* (of the firm of Morris, Steel, Nichols and Arsht) for plaintiff.

*Henry van der Goes* (of the firm of Young and Wood) for defendant.

Superior Court for New Castle County, No. 591, Civil Action, 1951.

Terry, J.:

■ In relation to the interpretation of privilege to be afforded under Rule 34 it should be said that no substantive right accrues to the parties to any litigation by reason of the adoption thereof. The aspects of the rule are entirely procedural. Thus, the question of policy becomes the dominating factor insofar as interpretation of the rule in relation to its application.

■ The rule in this State importing the Law-Privilege Doctrine to documents prepared with a bona fide intention of laying the same before an attorney for the purpose of taking his advice in relation to intended action, or as an aid to him in preparing and prosecuting litigation, is too well settled to afford any doubt. Prior to the adoption in 1948 of our new rules of civil procedure, Rodney, J., sitting in the Superior Court of this State in considering the question of law-privilege in the case of *Wise v. Western Union Tel. Co.*, 1935, *supra* [6 *W. W. Harr.* 456, 178 *A.* 644] concluded that the plaintiff's petition in that case for production of writing in defendant's possession under Paragraph 4228 of the *Revised Code of Delaware*, 1915, fell within the sound legal discretion of the Court, and, in disposing of the motion for production, adopted the English Rule as the test for determining the privileged status of the writings before him. He concluded in respect thereto that "Documents prepared in relation to an intended action, whether at the request of a solicitor or not, and whether ultimately laid before the solicitor or not, are privileged if prepared with a bona fide intention of being laid before him for the purpose of taking his advice; and an inspection of such documents cannot be enforced."

In 1949 subsequent to the adoption of our new rules Rodney, J., then sitting in the U. S. District Court (Del.) in passing upon a motion for production under S. C. Rule 34 in the case of *Reeves v. Pennsylvania R. R. Co.*, *supra*, commenced in our Superior Court and later transferred to U. S. District Court on the ground of diversity of citizenship, held that the adoption of our new rules for civil procedure in 1948 did not change or alter the rule relating to the law-privilege concerning the

production of documents as previously laid down by him in the case of *Wise v. Western Union Tel. Co., supra.* Likewise, In the case of *Winter v. Pennsylvania R. R. Co., supra* [6 *Terry* 108, 68 *A.* 2d 516], Pearson, J., sitting in the Superior Court of this State in dealing with the question of law-privilege in relation to certain interrogatories before him, stated, "I adopt Judge Rodney's reasoning in the Reeves case; namely, that the present Superior Court Rules, in excluding privileged matters, do not change the pre-existing law governing what matters are privileged as stated in the Wise case."

 If the question of privilege relating to the production of the respective reports is to be determined in the light of our decisional law, then the Snell report (1950), obtained for the undisputed purposes as indicated in Steifel's (plaintiff's attorney) affidavit, becomes privileged and production thereof cannot be enforced. On the other hand, the Hercules report (1949) clearly was not so prepared, and, therefore, only if good cause be shown would be subject to an order for production.

The substance of the Supreme Court's opinion upon the question of privilege under *F. R.* 34, 28 *U. S. C. A.*, in the case of *Hickman v. Taylor, supra,* is that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are not necessarily privileged, that is, the protective cloak of privilege does not extend to information which an attorney secures from witnesses while acting for his client in anticipation of litigation, nor does the privilege concern the memoranda, briefs, communications and other writings prepared by counsel for his own use in prosecuting his client's case; likewise, it is equally unrelated to writings which reflect an attorney's mental impressions, conclusions, opinions or legal theories. While the Supreme Court did not so state, nevertheless, I feel that their interpretation of privilege under the rule would be the same in the event a party obtained the written statements and later delivered the same to his attorney for advice.

By reason of the Hickman opinion the cloak of privilege under *F. R.* 34 no longer entirely surrounds the work product of the lawyer. Whether the opinion means that the Court intended to make an exception under the English Rule or to repudiate that rule with exceptions makes little difference. All that can be said is that the Court has defined privilege in merely a vague or remote fashion; thus, the dilemma remains. Where can the line be drawn? An indication of what I mean will be readily understood when certain federal opinions handed down since the Hickman opinion are studied in the light of the Hickman opinion and in relation to the status of reports or documents compiled by experts. The following cases seem to indicate that reports or documents so compiled by third persons at the request of counsel to aid him in giving legal advice and in the prosecution of pending litigation constitutes an exception to the rule laid down in the Hickman case and are privileged and the production thereof should not be enforced. *Lewis v. United Airlines, D. C.,* 32 *F. Supp.* 21; *U. S. v.* 720 *Bottles Labeled 2 Fl. Oz., etc., D. C.,* 3 *F. R. D.* 466; *Lundberg v. Welles, D. C.,* 11 *F. R. D.* 136; *Schuyler v. United Airlines, D. C.,* 10 *F. R. D.* 111. To the contrary see *Sachs v. Aluminum Co.,* 6 *Cir.,* 167 *F.* 2d 570.

If the primary purpose of justice is to elicit truth essential to correct adjudication, then the new rules provide many avenues to this end, provided their application be not shackled by strict or rigid interpretation. If the document sought (Hercules report) be said to be essential to a vital issue and is evidentiary in character and falls within the non-privilege field, its stamp as such should not be brightened by the cloak of privilege merely for the reason that it was compiled by an expert.

The procedural policy concerning privilege as it relates to production under S. C. Rule 34 has been passed upon by able jurists in this State whose opinions I feel obligated to honor, especially so in the light of the confusion that exists under the Federal Decisions upon the questions. The cloak of privilege in this State, therefore, must be said to surround the Snell report, and its production will not be enforced in this proceeding. On

the other hand, since the Hercules report was not made at a time when litigation was anticipated or pending, or for the purpose of delivering the same to plaintiff's attorney for advice, it necessarily falls into the category of non-privileged matter, notwithstanding that it was rendered by an expert or delivered to the plaintiff with the understanding that it would not be used in litigation against the defendant, and its production will be enforced only upon a showing by the defendant of good cause.

In considering the question of "good cause", meaning adequate reasons why the Court should exercise its discretion under the rule and enter an order for production, we should not lose sight of the fact that a legal action remains, as always, an adversary proceeding. The underlying purpose of discovery in general is to reduce the element of surprise at trial by advancing the time at which disclosure can be ordered from the trial date to a date preceding that date. The relevancy or materiality of substance contained in documents is not the sole criterion for production under the rule. "Good cause" does not relate to the substance contained within the document, but, rather, the reason for producing the relevant or material matter therein contained. Thus, the enforcement of S. C. Rule 34 entails the exercise of a sound judicial discretion by the Court, and the burden is upon the moving party to demonstrate a need for the document sought beyond the relevancy or materiality relating to the substance therein contained. *Reeves v. Pennsylvania R. R. Co.*, *supra*.

The defendant argues in the present case that to compel it to propound interrogatories to Hercules, or to proceed by way of deposition, in order to obtain the substance set out in the Hercules report, would entail (1) an unnecessary expense on the part of the defendant, and (2) an unnecessary delay to the defendant in preparing its defense.

I think the defendant's argument is without merit. Before it is allowed to open its adversary's files it must first show that other avenues of discovery are either closed to it, or that in pur-

suing them it was unable to obtain the matters desired. Otherwise, upon motion the operation of the rule becomes automatic, or, in effect a mere writ of right. Hercules is a Delaware corporation. Its principal office is located in this State. Certainly the necessary witnesses are available to inform the defendant of the matters it now seeks to discover. The defendant must exercise some degree of industry on its part. "Good cause", as it relates to the Hercules report, has not been shown to move me to exercise my discretion in favor of the defendant. The defendant's motion for production under S. C. Rule 34, as the same relates to both reports, is denied.

An order will be signed accordingly.