JOHN F. VAN SANT, Plaintiff, v. DONALD PEABODY ROSS and WILHELMINA DU PONT ROSS, Defendants.

(*June* 5, 1961.)

LYNCH, J., sitting.

*H. B. Rubenstein* (of Leshem and Rubenstein) for Plaintiff.

*James M. Tunnell, Jr.,* and *Andrew B. Kirkpatrick, Jr.* (of Morris, Nichols, Arsht and Tunnell) for Defendants.

Superior Court for New Castle County, No. 154, Civil Action, 1961.

LYNCH, J.:

Plaintiff sued defendants, charging alienation of affections of plaintiff's wife. Plaintiff's wife was defendants' daughter.

The complaint alleged that defendants (1) (¶6) "exerted enormous and effective economic and other pressures upon the plaintiff and his wife, interfered with initial marriage adjustments, and criticized and disparaged the marrage relation for the purpose of alienating their love and affection and for the purpose of depriving plaintiff of his right to the comfort, fellowship, society, aid, assistance and consortium of his wife"; (2) "* * * continued to exert enormous and effective economic pressure upon the plaintiff's wife in order to defeat plaintiff's constant efforts to effect a reconciliation, * * *"; (3) (¶9) "* * * initiated, condoned and furthered the reception by plaintiff's wife of unmarried male guests at defend-

ants' home during the evening hours for the purpose of encouraging continued separation and effectuating a permanent severance of the marriage relation between plaintiff and his wife"; and (4) (¶10) they "* * * sought the plaintiff to enter into a legal separation with his wife and to cooperate in divorce proceedings in the State of Alabama which was refused by plaintiff who continued to seek a reconciliation but whose efforts to that end continued to be defeated by defendants' efforts." The answer is, in general effect, a general denial.

While examining plaintiff before trial defendants' counsel developed that plaintiff had, since the separation, received a number of letters from his wife. Plaintiff testified that the letters were not written in reply to letters he had written her; he noted "it was a one-way correspondence" although one letter was written in reply to a letter plaintiff had written his wife. The letters, said the plaintiff, were general on the subject of the separation; that "they covered the separation, the children—everything in general * * *."

Plaintiff was asked if the letters "covered the separation. Did they cover the subject of the possibility of reconciliation or the impossibility of reconciliation?" and his answer was—

"A. * * * they covered everything, and that was within the realm of possibilities."

Defendants' counsel caused a *subpoena duces tecum* to be served on plaintiff, pursuant to Rule 45, calling upon him to produce "all letters subject to your control written by Sheila Ross Van Sant to you after February 7, 1960" at the taking of a deposition. Plaintiff's counsel moved to quash such subpoena. Defendants' counsel also moved under Rule 34 for production of the letters by plaintiff so that defendants could inspect, copy or photograph such letters.

The motion stated no more than that the letters "constitute or contain information relating to the subject matter

of this action." The affidavit, attached to the motion to produce, stated no more than that the letters "are * * * relevant to the subject matter of this action and subject to the possession, custody or control of plaintiff." This affidavit had attached to it an extract of plaintiff's testimony given at the examination before trial, in which plaintiff had admitted receipt and possession of the letters.

Paragraph 8 of defendants' answer sets out that after plaintiff and his wife separated, the wife moved to defendants' home. It moreover appears in plaintiff's answers to defendants' interrogatories (filed March 8, 1961) and in defendants' answers (filed April 7, 1961) to plaintiff's interrogatories that plaintiff's separated wife was sent by defendants to and was in Tucson, Arizona. Whether she is still there does not appear in the record now before the Court, but it will be assumed that she is available to defendants and their attorneys for conference and for deposition.

In support of his motion to quash plaintiff contends (1) that production of documents, in possession of an adverse party, cannot be compelled by a *subpoena duces tecum*, citing *Klair v. Philadelphia, B. & W. R. Co.*, Super. Court, 1910, 2 *Boyce* 274, 78 *A.* 1085 in support of such contention, and (2) that the "present rules * * * make no effort to change and * * * are entirely consistent with prior practice."

Plaintiff insists that Rule 34 sets out the procedure for obtaining production of documents in possession of an adverse party, and that the provisions of Rule 45(d) apply to documents in the possession, custody or control of persons other than parties to the litigation and that a party cannot be compelled under Rule 45(d) to produce papers in the party's possession.

Defendants concede that Rule 45 has been interpreted in some jurisdictions so that it applies only to witnesses, other

than a party. Both parties point to the fact that there is no reported decision in this jurisdiction on the question.

There are no reported cases in this jurisdiction determining the points in issue under our Rules, although Judge Christie ruled in Civil Action No. 1136, 1960, New Castle County, that it was proper to utilize a *subpoena duces tecum* to compel a party to a case, who was also an officer of a corporate defendant to produce papers at the taking of a deposition, conceding that the papers would not be open to inspection by the adversary, but solely to enable the party-witness to answer questions propounded at the deposition. It does not appear from a reading of the briefs that Judge Christie's attention was called to *Wooley* or the *Klair* case.

[1] First I will consider and determine plaintiff's motion to quash the *subpoena duces tecum*. I am impressed with the fact that since 1906 (the date of publication of Judge Wooley's work on Delaware Practice), it has been established law in Delaware, Sections 334/339 and 573/575, that—

"* * *. The right of one party to compel a production of documents held by the other party is a right, not of course, but subject to be contested, depending upon considerations to be inquired of, and decided by the Court before an order for production will be made. * * *."

*Klair v. Philadelphia, B. & W. R. Co.*, *Super. Ct.* 1910, 2 *Boyce* 274, 78 *A*. 1085, applied *Wooley* and, citing a previous sentence from his work, rule that an employee of a corporate defendant could not "be compelled under a *subpoena duces tecum*" to produce documents in the possession of the defendant corporation.

No sufficient reason has been advanced by defendants' counsel to demonstrate that the rule stated in *Wooley* and definitely applied in *Klair v. Philadelphia, B. & W. R. Co.*, *supra*, has been changed by the adoption of our Rules. There is nothing in Rule 34 or Rule 45 to show a change from the

practice so clearly set out in *Wooley* and passed upon in *Klair*. On the other hand, a careful study of the cited Rules brings out that these Rules are in substance the same as appears in *Wooley*. The cited Rules merely carry forward the sound logic found in the former practice.

The difference between Rule 45 of the Federal Rules of Civil Procedure, 28 *U. S. C. A.*, and Rule 45 of this Court, particularly paragraph (d) of our Rule, must not be overlooked, since Rule 45(d) seems to preserve and even emphasizes the distinction between Rule 34, applicable to a party, and Rule 45, which is limited to "witnesses" appearing at depositions.

A Court should not overlook or reject a well settled practice established under a Statute in force before adoption of the present rules of procedure, in the absence of it clearly appearing that it was intended by the rules to change the practice. *Empire Box Corp. v. Illinois Cereal Mills*, 8 *Terry* 283, 292, 90 *A.* 2d 672, 677.

*Wooley*, § 337, page 238, noted very clearly that the practice, based on a Statute, 1852 *Code*, Ch. 107, Sec. 13, as amended by Vol. 20, *Delaware Laws*, Ch. 121, required "that the Court * * * understand the necessity of the books and papers to the applicant, and their pertinency to the issue. * * *." This can be compared to the required showing of "good cause" as now prescribed by and in Rule 34.

The relationship and distinction between the two Rules is discussed by *Moore*, ¶¶ 34.02, 26.10[1], 45.05 and 45.07.

In the original text, at page 2426, and in the Supplement (page 143), *Moore* observes of these Rules—

"* * *. To harmonize the various provisions, the specific should control over the general, and Rule 34 would, therefore, control and require a showing of good cause as a condition

to obtain discovery of documents from a party, even where the party's deposition is being taken."

In Volume 4 at page 2424, in ¶34.02 *Moore* notes that Rule 34 is limited to parties, whereas Rule 45 extends to all persons; see, however, Rule 45(d) of the Superior Court Rules. *Moore* says Rule 34 "* * * is primarily intended to govern production and inspection * * * before the trial, whereas Rule 45 (F.R.C.P.) applies both to the taking of depositions [but see Rule 45(d) of the Superior Court Rules] and to testimony and production * * * at the trial."

*Professor Moore*, ¶45.02[3], Vol. 5, page 1717, notes that Rule 34 deals with production of documents and papers from a party and that Rule 45 deals with a *subpoena duces tecum* to any person, whether or not a party.

A sharp distinction is made in our discovery rules as to depositions between a *party* and a *witness*, as is evident from a comparison of Rule 34 and Rule 45(d), and this distinction likewise appears from a consideration of the two distinctly separate rules covering interrogatories. It will be noted that Rule 31 is limited to interrogatories of *witnesses*, while Rule 33 is applicable to interrogatories propounded to *parties*. The distinction should be maintained and not be obliterated through oversight or failure to observe the provisions of the Rules.

■ On consideration of these two Rules it seems to me that it cannot be contended with any intellectual honesty that Rule 45(d) is or was intended to include *parties* because that would make Rule 34 a nullity and rob it of its meaning so that it would no longer have any operative force and effect. A party should not be allowed to avoid or get around the requirements of Rule 34 by using Rule 45.

■ For the reasons stated plaintiff's motion to quash the *subpoena duces tecum* is granted and the *subpoena duces tecum* will be ordered quashed.

■ Considering next defendants' motion to produce under Rule 34, I hold that the contents of defendants' motion and attached affidavit must be considered to determine if defendants have met the requirements of Rule 34, which provides that a "party showing 'good cause' " may obtain an order directing the adverse "party to produce and permit the inspection and copying * * * of any designated * * * letters * * * not privileged which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody or control; * * *."

The pertinent provisions of the motion and affidavit have been set forth above and need not be restated.

*Empire Box Corp. v. Illinois Cereal Mills*, 1952, 8 *Terry* 283, 90 *A.* 2d 672, 673, considered the Rule and laid down the principles which I consider to be controlling here.

In that case the defendant sought production (under Rule 34) of two reports in plaintiff's possession. The motion to produce recited, among other things, that the reports "constitute or contain evidence which is highly relevant and material to the issues in this case, and it is essential that defendant be permitted to inspect them in order to prepare properly for the trial." Plaintiff resisted on the grounds, among other things, that sufficient good cause had not been shown.

The Court ruled one report was privileged but held that the other report was not. Production of the second report was denied, however, because "good cause" had not been demonstrated in the moving papers, the Court holding, 8 *Terry* at page 295-296, 90 *A.* 2d at page 679, that before a Court should order an adversary party to show a document in its possession, the moving party "must first show that other avenues of discovery are either closed to it or that in pursuing them it was unable to obtain the matters desired. Other-

wise, upon motion the operation of the rule becomes automatic, or, in effect, a mere writ of right."

Pointing out the availability to the defendant of the witnesses who could "inform the defendant of the matters it now seeks to discover" President Judge Terry ruled—"The defendant must exercise some degree of industry on its part." —and in view of the defendant's failure in its moving papers to show good cause, President Judge Terry ruled that defendant had not shown that "good cause" which would move the Court to exercise his discretion in favor of the motion to produce.

It appears clear to me that President Judge Terry held that a party seeking production of documents from his adversary is under an affirmative obligation to show "good cause" in his moving papers why his adversary should be required to produce the documents or papers.

■ Since it appears from the record before me that plaintiff's wife, who is defendants' daughter, is with or available to the defendants it can be assumed that defendants can, through inquiry and conference, ascertain from her what appears in the letters written by her to plaintiff, and I rule that defendants should first inquire of her what she wrote to her husband before seeking production from the plaintiff under the provisions of Rule 34. Defendants have not complied with the requirements of Rule 34 and, therefore, the motion to produce should be denied. Plaintiff need not, under the present showing in defendants' moving papers, produce the letters.

Order on Notice.