JULIAN WILKERSON, Plaintiff, v. NEWARK DINER, INC., a Delaware corporation, t/a Delaware White Sales & Service Co., and also t/a Delaware Truck Center, Defendant.

(*August* 24, 1961.)

Lynch, J., sitting.

*Abraham Hoffman* (of Hoffman and Hoffman) for Plaintiff.

*Samuel R. Russell* (of Morford, Young and Conaway) for Defendant.

Superior Court for New Castle County, No. 756, Civil Action, 1961.

Lynch, Judge:

Plaintiff alleges that he delivered a diesel truck to defendant on January 27, 1960 to be repaired; that defendant repaired and serviced the truck and returned it to plaintiff; and that when plaintiff operated it he found it had not been properly repaired. The complaint alleges that the motor "was completely ruined by * * * faulty repairs", resulting in damage to the truck in the sum of $5,000. Plaintiff claimed additional damages for loss of use of the truck in the period from January 31, 1960 to July 15, 1960, at the rate of $190 per week, or a total of $4,560, basing his claim for these damages on a lease agreement of the truck made by plaintiff with Webb's Transfer, Inc.; plaintiff claimed he could not carry out the lease agreement because defendant had damaged the truck's engine. Defendant admitted in its answer that plaintiff delivered a truck to it for repairs, but otherwise it denied all the charges made in the complaint.

Defendant moved for an order "requiring plaintiff to produce and permit defendant to inspect and copy the plaintiff's federal income tax returns for the years 1958, 1959

and 1960." An affidavit, submitted with the motion and made by defendant's attorney, stated that these returns "will tend to support or contradict" the allegation in the complaint regarding loss of income, pursuant to the lease agreement. Defendant argues it was plaintiff's duty to minimize his damages and it contends that the income tax returns will show if plaintiff has fulfilled this duty.

Plaintiff, opposing defendant's motion to produce, states in his brief that plaintiff did not work for Webb's Transfer Service, Inc., during 1958; that plaintiff has furnished a photocopy of Webb's 1959 information returns, as filed by that company with the Internal Revenue Service, and proposes to make a photocopy of Webb's 1960 information return available to defendant. Defendant rejects plaintiff's offer of production of the information returns of Webb's Transfer, Inc., as "essentially meaningless", insisting that the income tax returns will show whether he took trips for some other employer or whether he earned income from some totally different occupation during the period alleged. It is to be kept in mind that plaintiff's claim for these damages is limited to the period of January 31, 1960 to July 15 of the same year.

It would have been better practice for the plaintiff to have filed a verified response to defendant's motion to produce, describing the information he had tendered defendant and what it showed, rather than to have argued it as facts in his brief. Since defendant has conceded as true what plaintiff argues in his brief there is no reason to delay decision of the motion to produce.

"Good cause" must be shown, *Empire Box Corp. v. Illinois Cereal Mills*, 1952, 8 *Terry* 283, 90 *A.* 2d 672, before a Court will order a party to submit his records to his adversary to be inspected and copied. "Good cause" is not shown when it appears that movant can obtain the information sought through other available discovery means or meth-

ods than by a motion to produce. *Thompson v. Hoitsma (Olson Co., Inc.), D. C. N. J.* 1956, 19 *F. R. D.* 112, 114. In the cited case the Court noted—

"* * * deposition discovery [as is discovery through interrogatories] is obtainable even without the showing of good cause. Inspection discovery under F. R. C. P. 34 is obtainable only upon the 'showing good cause therefor'. In other words, the deposition method is the normal one, always available. The inspection method is the less usual one, only available on cause shown. * * *. When a party has another discovery method readily available, he ordinarily, and here, lacks 'good cause' for using another method, only available upon 'good cause' and ordinarily only usable to obtain matters evidential *per se*, * * *."

*Garrett v. Faust, D. C. E. D. Pa.* 1949, 8 *F. R. D.* 556, 557, involved a motion for production of income tax records. The motion for production was denied since it appeared that movant obtained the desired information by answers to interrogatories.

I observe here, as did Judge Hartshorn, the author of the opinion in *Thompson v. Hoitsma (Olson Co., Inc.)*, that income tax returns usually are not "evidential *per se*"; if not "evidential *per se*" production and inspection of income returns or records or a document should not ordinarily be ordered,[1]—unless some other good reason is established showing that inspection of the return or the records or the document will lead to other relevant evidence.

---

[1]The phrase "evidential *per se*" is not to be regarded as a rigid or mechanical limitation on Rule 34, *Del. C. Ann.*, since the discretion of "good cause" is always a factor in the determination of whether or not production should be ordered of some document. Quite possibly a good deal of material properly within Rule 34 may not of itself be evidence but will lead to admissible evidence; that is the test of Rule 26(b) incorporated by reference in Rule 34. One must always keep in mind the language of the late Mr. Justice Murphy in *Hickman v. Taylor*, 329 *U. S.* 495, 507, 67 *S. Ct.* 385, 392, 91 *L. Ed.* 451, 461, where it was said that—

I seriously doubt that defendant has or can show the required factor of "good cause" which is an essential requisite to a Court's granting a motion to produce all the income tax returns sought to be inspected by defendant. Since plaintiff states he was not doing business with the Webb firm in 1958, there appears no basis whatsoever for the Court to order plaintiff to produce his 1958 return.

Upon analysis of the fact situation presented there is no reasonable hypothesis shown demonstrating how and why the 1958 and/or 1959 returns would be relevant or lead to relevant testimony, since there is no claim made by plaintiff for any damages based on these two years.

I even entertain serious doubt that examination of the 1960 return would lead to relevant evidence except by way of possible contradiction, and I am not entirely convinced that defendant's arguments are altogether sound and convincing even for the year 1960. Defendant can, by interrogatories addressed to plaintiff or by deposition, ascertain if and how plaintiff fulfilled his duty to minimize damages; by the same means it can also determine if plaintiff took trips with the repaired truck or used another for this same or some other employer or whether he earned income from some totally different occupation during the period from January to July

---

"* * * the deposition-discovery rules are to be accorded a broad and liberal treatment. * * *. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise. *But discovery, like all matters of procedure, has ultimate and necessary boundaries.* As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. *And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant* or encroaches upon the recognized domains of privilege." (Emphasis supplied.)

of 1960, as well as ascertaining plaintiff's mode of establishing "loss of net income". Such information, thus obtained, should arm defendant with adequate information to meet plaintiff's demands for the special damages claimed, and I believe that this would be a more satisfactory means for getting the information desired by defendant than by ordering the production of the 1960 income tax return. That return would not show the detail of information defendant says it is seeking by its motion for production; the information appearing in the 1960 return would require explanation by plaintiff of the items appearing in it if defendant would use the return.

Since, however, defendant might possibly make some use of the 1960 return by way of contradiction of testimony plaintiff may give at trial, I think defendant is entitled to inspect and copy plaintiff's 1960 return. Except to the extent noted, defendant's motion is denied.

Order on notice.