STATE of Missouri ex rel. PREMIER PANELS, INCOPORATED, Relator,

v.

Honorable J. O. SWINK, Judge of the Circuit Court of Perry County, Respondent.

No. 31885.

St. Louis Court of Appeals.

Missouri.

Feb. 15, 1966.

Rehearing Denied March 17, 1966.

Martin Schiff, Jr., Carroll J. Donohue, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for relator.

Leo J. Rozier, Perryville, Heneghan, Roberts & Cole and George E. Heneghan, St. Louis, for respondent.

WOLFE, Presiding Judge.

This is an original proceeding in prohibition. The relator is the defendant in an action before the respondent judge. That action was brought by Keasbey and Mattison Co., a corporation, on an account amounting to $13,929.04 for merchandise alleged to have been sold and delivered to the defendant. The defendant filed a counterclaim alleging that the plaintiff delivered merchandise unfit for the purpose for which it was to be used. It alleged that this was a breach of a warranty that the merchandise could be used for the purpose for which it was purchased. The defendant asked for damages amounting to $50,-000.

This proceeding is brought to prohibit the respondent judge from compelling the defendant to answer certain interrogatories that were filed and directed to the defendant, relator. The petition for prohibition filed here seeks the writ upon two grounds. One ground is that the defendant is entitled to a judgment on his counterclaim because the plaintiff failed to file an answer to it in the time prescribed by Missouri Rules of Civil Procedure and that therefore there was nothing about which it should be interrogated. The other reason asserted for the prohibition sought is that the interrogatories propounded go beyond the scope of discovery covered by Civil Rules 56.01 and 57.01, V.A.M.R.

The first point as to the state of the pleadings is predicated upon facts which are as follow: On May 3, 1963, the defendant filed its answer and counterclaim; on May 27, 1963, plaintiff filed a motion to dismiss the counterclaim; on June 5, 1963, the defendant filed an amended counterclaim—this was also attacked by a motion to dismiss; and on October 7, 1963, that motion was overruled and the plaintiff was granted thirty days in which to plead. On November 12, 1963, the plaintiff filed a motion for more definite statements of the facts alleged in defendant's amended counterclaim.

On January 23, 1964, the plaintiff filed the interrogatories here under consideration. Two days thereafter the defendant filed a motion for a judgment on the pleadings as to the counterclaim and a motion to strike the interrogatories or for a protective order. On January 28 the respondent judge made an order "nunc pro tunc" granting the plaintiff as of November 1, 1963, ten days additional time in which to plead. On February 13, 1964, the defendant's motion for a judgment on the pleadings was overruled, and its motion to strike the interrogatories or for a protective order was overruled and the defendant was granted thirty days to file answers to the interrogatories. Shortly after this point of the proceedings the writ of prohibition was sought here and a preliminary rule issued by this court.

■ As the matter stands now, there is before the trial court a motion to make more definite and certain the counterclaim filed and interrogatories to be answered. It is contended that the defendant is entitled to a judgment on its counterclaim in that the plaintiff has filed no answer to it and that the defendant consequently should not be compelled to answer the interrogatories. It predicates its right to such a judgment on Civil Rule 55.37, V.A.M.R. This rule is entitled "Joinder of Motions—Waiver of Objections." That is the subject with which it deals and we find it unrelated to the facts before us.

■ It is asserted that the court's order nunc pro tunc granting the additional time to plead was a nullity, and indeed it was. There must be some record, either in the minutes of the judge, clerk's entries, or in some paper in the cause, which supports the correction. Wegman v. Fendelman, Mo. App., 333 S.W.2d 290. There was no such support for the entry made in the case before us.

■ However, no objection was made to the filing of the motion to make the counterclaim more definite until over two months after it was filed. Then, when the defendant was confronted with interrogatories, it sought to avoid trial of the issues by its motion for judgment on the pleadings. There is no doubt that the plaintiff had a right to file a motion to make the counterclaim more definite, Civil Rule 55.34, V.A.M.R. If the defendant objected to it being filed out of time it should have moved to strike the motion. Since it did not do so it waived any objection thereto. The code contemplates a trial on the merits so that substantial justice may be accorded litigants. Parks v. Thompson, 363 Mo. 791, 253 S.W.2d 796. A motion for judgment on the pleadings is only available after pleadings are closed. Civil Rule 55.39, V.A.M.R. The court properly overruled the motion for judgment. If the motion to make the counterclaim more definite is overruled, the plaintiff will have a right to file an answer to the counterclaim within ten days thereafter, or if the motion is sustained it will have ten days to answer after the counterclaim is amended in compliance with the court's ruling. Civil Rule 55.27 (c), V.A.M.R.; Richman v. Richman, Mo., 350 S.W.2d 733.

As we have stated, the petition filed in the circuit court was on an account and it sought to recover from the defendant the value of certain types of asbestos boards sold to the defendant in the year 1961. Defendant generally denied the allegations that the goods were sold and that the prices were reasonable and proper and that they agreed to pay. This was followed with the counterclaim.

The counterclaim alleges that the defendant is engaged in the business of processing and laminating asbestos boards and other types of boards for resale. It states that in August, 1958, it bought from the plaintiff and the plaintiff delivered to it "several carloads" of unfinished asbestos boards knowing that the boards were to be processed and laminated by it and were then to be sold by the defendant to construction contractors. The defendant alleges that the plaintiff expressly warranted that the

asbestos boards had been cured a minimum of three weeks prior to shipment and "* * * impliedly warranted that said asbestos boards were fit for the purpose and use intended, upon which said warranties defendant relied in making the aforesaid purchase from plaintiff."

The counterclaim goes on to allege that the boards had not been aged or cured for the minmum of three weeks prior to the shipment and that they were not fit for the use for which they were intended. It is alleged that this was a latent condition not discoverable until several months after the boards had been laminated and resold. It is alleged that the boards then began to swell, crack and blister. It is alleged that the defendant was obliged to replace the defective material at its own expense and by reason of that it suffered damages in the sum of $50,000.

Civil Rule 56.01, V.A.M.R. provides for the serving of written interrogatories by any party upon any other party to an action. It fixes the scope of the inquiry that may be made, by Civil Rule 57.01(b), V.A.M.R. which relates to matters that may be inquired into by depositions. It is as follows:

"Unless otherwise ordered by the court as provided by this Rule, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. The examining party may not inquire as to the contents or substance of statements, written or oral, obtained from prospective witnesses by or on behalf of another party. The production or inspection of any writing obtained or prepared by the adverse party or coparty, his attorney, surety, indemnitor, or agent, in anticipation of litigation or in preparation for trial (except a statement given by the interrogating party) or of any writing that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, or, except as provided in Rule 60.01, the conclusions of an expert, shall not be required."

The interrogatories ask nineteen general questions and each general question is followed by specific questions set out by alphabetical designations. We will consider questions against which objections are made in the order in which the questions were propounded. The first objection is to question 4 which is as follows:

"4. At any time after the delivery of any such unfinished asbestos boards as are mentioned in defendant's counterclaim filed herein, did Premier Panels, Inc. check such material to ascertain whether it met the specifications, if any, conveyed, if so, to Keasbey & Mattison Company, and if so, please state: * *." (This is followed by specific questions.)

The part of the question complained about is sub-section 4(d) and 4(e). 4(d) asks, "Were the results of any such checking of specifications reduced to writing, and if so, please state: (1) The delivdry (sic) dates of deliveries so checked, with results of such checking reduced to writing: (2) Attach copies of such written report of the results of such checking of specifications." 4(e) asks: "If such reports were not written, but were oral, please give the substance and content of any such oral reports of inspections of specifications, and the names and addresses of the recipients of such reports." It is contended that these call for hearsay and call for inadmissible reports. The objection is not valid. The Rule above quoted so provides. It is es-

tablished that hearsay statements may be the subject of inquiry under the broad scope of the Rule which permits questions that may reasonably lead to the discovery of admissible evidence even though the answer itself might be inadmissible at the trial. This includes hearsay evidence. State ex rel. Pete Rhodes Supply Company v. Craine, Mo., 373 S.W.2d 38. The same complaint is directed to 5(f) which seeks to inquire about reports of defects of materials sold, and for the reasons stated above it is not subject to the objection raised.

■■■ Next complaint goes to question 6 which simply inquires about tests made on the material alleged to be defective. It is contended that this clearly invades privileged matters not subject to discovery. In support of its contention defendant cites us to Carpenter-Trant Drilling Company v. Magnolia Petroleum Corporation, D. C., 23 F.R.D. 257, and Empire Box Corporation of Straudsburg v. Illinois Cereal Mills, 8 Terry 283, 47 Del. 283, 90 A.2d 672. Both of these cases have to do with the production of reports made to counsel, at his request, by technical experts for the aid of counsel in the trial of the case. We have no such situation here and the question is not subject to the objection raised. Questions 7 and 8 go respectively to a request for copies of any letters complaining of the quality of the boards delivered. It is contended that these are equally available to the plaintiff. The plaintiff has a right to inquire about the written or oral statements which the defendant asserts warranted the goods in question and whether or not there were any complaints made about the goods when delivered. The objection is without merit. Questions 8(b) and 11(e) are objected to as hearsay. We have disposed of that invalid objection in the discussion of questions 4 and 5.

■■■ Question 10 is a question about the implied warranty and the statement which defendant asserts gave rise to this implied warranty. Some of the questions are awkwardly phrased but the meaning is clear. Plaintiff could properly make the inquiry.

■■■ Question 12 is also objected to and it is as follows:

"Please state, for each of the following dates or times, the names and present addresses of the individuals who were officers of Premier Panels, Inc., including their titles at each such time, and the names and present addresses of the individuals, firms, corporations, associations, or organizations who were stockholders of Premier Panels, Inc., at such times, including the amount of stock owned by each: * * *."

There follows a list of five dates from August 19, 1958, through the date of the filing of the interrogatories. We fail to see how this information could be of any value to the defense against the counterclaim and there is nothing set out in the respondent's brief that would indicate such information has any relevance to any defense that might be set up against the counterclaim or that would lead to any evidence of value. We hold the question improper.

■■■ Question 14 is a proper inquiry about the delivery of boards which were not defective. Question 17 is as follows:

"State the identity and location of persons having knowledge of relevant facts concerning defendant's counterclaim, not privileged."

This question follows many other searching questions about the names and identities of people connected with the receipt of, testing of, and the work on the boards. Its meaning is obscure and it would be difficult for anyone to answer intelligently, or without simply repeating the answers to other questions preceding it. The objection to it is well taken. Question 19 asks whether or not photographs were taken on behalf of the defendant or at defendant's request and it seeks the name and address of the person or persons who took the photographs and the dates upon which they

were taken. The Supreme Court has held since State ex rel. Terminal R. Ass'n of St. Louis v. Flynn, 363 Mo. 1065, 257 S.W.2d 69, that " * * * photographs, like diagrams, maps and drawings prepared for use in anticipated litigation and after the cause of action accrued, were the 'work product' of relator in preparation of its defense and in anticipation of litigation and they are not subject to discovery and it matters not whether they are the work product of relator's agent or attorney * * *." State ex rel. Uregas Service Co. v. Adams, 364 Mo. 389, 262 S.W.2d 9.

For the reasons stated we do not think that the relator should be required to answer questions 12, 17 and 19. Our rule is made absolute to prohibit respondent judge from requiring answers to those interrogatories, and in all other respects our rule is discharged.

RUDDY, J., and J. MORGAN DONELSON, Special Judge, concur.