Dorothy A. THOMPSON, Plaintiff,

v.

E. R. TRUCKING COMPANY, Inc., a Delaware Corporation, and Rufus P. Harmon, Jr., Defendants.

Superior Court of Delaware.

Kent County.

April 24, 1968.

Henry R. Horsey, Dover, for plaintiff.

Roger Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, for defendants.

## OPINION

STOREY, Judge.

This is an action for personal injuries sustained by plaintiff in an automobile accident on May 14, 1965. Following the accident, plaintiff was admitted to Kent General Hospital and treated by physicians, two from Dover and one from Wilmington. After discharge from Kent General Hospital, plaintiff was seen by an occulist in Richmond, Virginia, and two doctors in Baltimore, Maryland. Upon filing of this action and on advice of an attorney, plaintiff was again seen by one of the doctors in Baltimore and consulted a plastic surgeon located in Baltimore. Finally, plaintiff was examined by a doctor in Wilmington who was retained as an expert medical witness by plaintiff's attorney.

Defendant has filed the subject motion under Superior Court Rule 34, Del.C.Ann., for production of all hospital and doctors' reports. Plaintiff has granted permission to inspect the reports rendered prior to suit but resists production of those rendered while suit was pending. As to these latter reports, plaintiff asserts that there has been no showing of "good cause" and that defendant should be required either to limit discovery to Rule 34 or to proceed under Rule 35. As to the letter reports rendered to plaintiff's attorney by two doctors while suit was pending, plaintiff claims as an additional ground for resisting production, that these reports are privileged as her attorney's "work product".

There are three issues in this case: First, has "good cause" been shown for production of all hospital and doctors' reports; second, does the absence of a fair

exchange of medical reports as envisioned by Superior Court Rule 35 affect the "good cause" determination under Rule 34; and, third, are the letter reports rendered plaintiff's attorney while suit was pending privileged from production as "work product"?

■ Superior Court Rule 34 provides for the production of certain documents upon showing "good cause" therefor. The leading Delaware case dealing with this "good cause" requirement is Empire Box Corp. v. Illinois Cereal Mills, 8 Terry 283, 90 A.2d 672 (Del.Super., 1952). As stated at pages 678–679 of 90 A.2d:

"* * * The relevancy or materiality of substance contained in documents is not the sole criterion for production under the rule. 'Good cause' does not relate to the substance contained within the document, but, rather, the reason for producing the relevant or material matter therein contained. Thus, the enforcement of S.C.Rule 34 entails the exercise of a sound judicial discretion by the Court, and the burden is upon the moving party to demonstrate a need for the document sought beyond the relevancy or materiality relating to the substance therein contained." (Citations omitted).

A review of the cases dealing with "good cause" decided subsequent to Empire Box discloses only one Delaware case concerning a motion for production of doctors' reports under Rule 34. In Ariff v. Powers, 479 Civil Action (Del.Super., 1966) Judge Quillen ordered the production by plaintiff of "* * * all doctors', psychiatric and psychological reports furnished on the physical and mental condition of the plaintiff * * *.". In a letter opinion dated January 19, 1968, Judge Quillen stated that:

"Moreover, when the injuries alleged are complex, and involve the testimony of several medical experts of different specialities, and where the taking of depositions as a prerequisite to the production

of documents would involve an undesirable time burden and unnecessary expense, I am satisfied that a showing of good cause can be made in order that defendants may have an opportunity to reach a balanced opinion of the nature and extent of the injuries and disabilities claimed. Greene v. Sears, Roebuck & Company, 40 F.R.D. 14 (N.D. Ohio E. D.1966)."

■ The striking similarity of the facts in *Ariff* to those in the instant case indicate to this Court that the decision in *Ariff* is controlling on the "good cause" issue here presented. However, plaintiff in this case also contends that the language of Superior Court Rule 35 and federal cases dealing with the relation of Rule 35 and Rule 34, prohibit production under Rule 34 where the moving party has made no decision on whether to use the Rule 35 provision for submitting plaintiff to a physical examination. The Court is unpersuaded by this argument. Judge Quillen's only reference in *Ariff* to this additional issue was as follows: "I am satisfied that there is no absolute prohibition against the production of doctors' reports. Buffington v. Wood, 351 F.2d 292 (3rd Cir., 1965)."

Although Buffington did not deal with a Rule 34 "good cause" question nor consider the question of the propriety of the lower Court's ordering the exchange of medical reports, it does indicate that Rule 35 does not exclusively govern medical report exchanges. Supra, 351 F.2d p. 297. Furthermore, in Petition of Trinidad Corporation, 238 F.Supp. 928 (E.D. Va., 1965), the Court stated that:

"* * * if party desires to risk foregoing any rights to independent examination, a copy of the report is within the proper scope of discovery * * *".

Although, under the circumstances in *Trinidad*, production was denied, the reasoning of that case satisfies this Court that the language of Rule 35 does not preclude a finding of "good cause" in the instant case.

Passing to the "work product" issue, in Frank C. Sparks Company v. Huber Baking Company, 10 Terry 267, 114 A.2d 657 (Del.Super., 1955), the Court at p. 658 cited the definition of "work product" enunciated in Scourtes v. Fred W. Albrecht Grocery Co., D.C., 15 F.R.D. 55, 58, a part of which is quoted below:

> " '* * * Likewise, the impressions, observations and opinions of a person hired by him ,and acting under his supervision and direction in the investigation of a case and its preparation for trial are part of his "work product". * * * The same is true of knowledge gained by an attorney through the efforts of an engineer or other expert whom he has employed to investigate matters of a technical or scientific nature.' "

The Court in the *Huber Baking Company* case went on to say at p. 658 of 114 A. 2d that:

> "Except on rare occasions, an attorney's work product is exempt from discovery, not because it falls within the so-called attorney-client privilege, but upon the theory that the private files and records of an attorney should be preserved from invasion by opposing counsel. In the rare case where it can be demonstrated that great hardship would otherwise result, a Court will go so far as to compel production of an attorney's files."

Reports prepared by an expert medical witness have been held to fall within this privileged category. In Re Bates, 167 Ohio St. 46, 146 N.E.2d 306 (1957).

Accordingly, since the report rendered by the Wilmington doctor retained by plaintiff's attorney falls within this privileged category, production will be denied.

The Court does not view the doctor in Baltimore by whom plaintiff was re-examined after retaining her attorney, as plaintiff's attorney's expert witness, since plaintiff had gone to this doctor on her own initially. Thus, his report is not privileged and production is appropriate.

In accordance with the above, production of all reports except those rendered by plaintiff's expert medical witness in Wilmington is hereby ordered.

It is so ordered.