WILLIAM J. FISHER and LOUISA S. FISHER v. ALBERT A. GLICK, FRANCES GLICK and JOSEPH A. GLICK.

(*March* 17, 1953.)

CAREY, J., sitting.

*Brereton Sturtevant* for plaintiffs.

*William Prickett* for defendants.

Superior Court for New Castle County, No. 807, Civil Action, 1952.

CAREY, J.:

---

[3]Re-codified by act of the current General Assembly as 8 *Del. C.* §§ 341-343.

By its express terms Rule 34, *Rules of Superior Court*, requires a showing of good cause by the moving party. The question here is whether good cause has been shown.

In support of the motion, an affidavit of plaintiffs' counsel has been filed reciting that she had personally talked with the claims agent of defendants' insurance carrier, who had advised her that he was the one who investigated the collision in issue; that he did, on or about October 29, 1951, prepare a statement of "his" alleged facts regarding the collision and obtained the signature thereto of the plaintiff, William J. Fisher; that Mr. Fisher has informed the deponent that he remembers signing some such paper but has no copy thereof, and cannot now remember its contents because of the lapse of time. Suit was instituted about eleven months after the accident.

No prior Delaware decision has been brought to my attention which would be controlling. We, therefore, turn to the Federal decisions, inasmuch as our Rule 34 is identical with the Federal Rule of Civil Procedure bearing the same number, 28 *U. S. C. A.*

Plaintiffs rely upon *Pennsylvania Railroad Co. v. Julian*, 10 *F. R. D.* 452 and *Bowdle v. Automobile Ins. Co. of Hartford*, 11 *F. R. D.* 148, which are rulings of the District Court for Delaware. They also cite *Viront v. Wheeling & Lake Erie Ry. Co.*, *D. C.*, 10 *F. R. D.* 45. The *Julian* and *Bowdle* cases are not precisely in point, for neither involved a writing signed by a party personally. The *Viront* case did order production of a statement signed by a party, along with those of several other witnesses. The Court drew no distinction between the two types of papers; its discussion is confined to the reasons why the statements of others should be made available.

On the other hand, the following Federal cases have specifically declined to order production of a statement signed by a party under circumstances like those present here: *Safeway Stores, Inc., v. Reynolds*, 85 *U. S. App. D. C.* 194, 176 *F.* 2d 476; *Raudenbush v. Reading Co., D. C.*, 9 *F. R. D.* 670; *Lester v. Is-*

*brandtsen Co., D. C.,* 10 *F. R. D.* 338; *Hudalla v. Chicago, etc., D. C.,* 10 *F. R. D.* 363.

Of course, while the insurance adjuster prepared this statement, by signing it the plaintiff adopted it as his own. The present application therefore is not one for the production of the statement of some other person but is a request for the production of a party's own paper writing. It is not suggested that the insurance representative was guilty of any fraud, concealment, duress or other wrongdoing, or that the plaintiff was ill or incapacitated in any way at the time he signed it. Again, it is not suggested that production and examination is desired for the purpose of giving the plaintiff any information as to the actual facts and circumstances. Obviously, the only purpose is to enable counsel to "know what testimony his client heretofore has given, and take care that his testimony at the trial is reasonably consistent therewith". *Lester v. Isbrandtsen Co., supra,* 10 *F. R. D.* 341. In the four cited Federal cases where consideration was expressly given to this reason, it was held to be inadequate. The fact that some eleven months passed before suit was instituted may well explain why plaintiff no longer recalls in detail the contents of the paper, but the haziness of his recollection thereof does not convert this particular purpose into good cause.

Plaintiffs' motion must be denied.