JACOB JONES and BETTY JONES, Plaintiffs, v. WESTINGHOUSE ELECTRIC SUPPLY COMPANY, Defendant.

(*January* 21, 1957.)

HERRMANN, J., sitting.

*Albert L. Simon* and *Samuel R. Russell, Jr.*, for the plaintiffs.

*William H. Bennethum* (of Morford and Bennethum) for the defendant.

Superior Court for New Castle County, No. 1241, Civil Action, 1953.

HERRMANN, J.:

The question presented for decision is whether the plaintiffs have shown "good cause" for production of certain written statements of witnesses in the possession of the defendant.

This is an action to recover damages for personal injuries which the plaintiffs claim to have sustained as the result of the defendant's negligence. The plaintiffs claim that they were injured on December 24, 1952, when a vehicle in which they were riding collided with a truck owned by the defendant and operated by its employee, Rodman Massey. The defendant denies liability generally and the agency of Massey specifically.

By answers to the plaintiffs' interrogatories, the defendant identified by name and address six of its employees who had been interviewed by the defendant regarding the collision and who had given signed statements to the defendant soon after the accident. The matter is now before the Court upon the plaintiffs' motion, under Civil Rule 34, *Del. C. Ann.*,[1] that the defendant be ordered to produce the six written statements for inspection and copying.

The plaintiffs contend that they need the statements particularly because of the defendant's denial of agency. The defendant contends that the plaintiffs have failed to show "good cause" for the production of the statements, as is required by Rule 34. No question of privilege is raised.

It appears that, at the time of the defendant's reply to the plaintiffs' interrogatories in May 1956, the defendant was un-

---

[1] Civil Rule 34, being the same as Rule 34 of the Federal Rules of Civil Procedure, 28 *U. S. C. A.*, provides:

"Upon motion of any party showing good cause therefor * * * the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * * *."

able to furnish the address of one of the six witnesses; another cannot be found by the plaintiffs at the address given by the defendant, although an effort was made to communicate with him; one is in the Marine Corps and thought by the plaintiffs to be stationed in Puerto Rico; one has been interviewed by the plaintiffs but has been found to be vague and uncertain about the event as well as his prior written statement; and the remaining two persons are still in the employment of the defendant and, for that reason, the plaintiffs have not attempted to communicate with them. It also appears that the plaintiffs are impecunious and that it would be an undue financial hardship upon them to require that they take the depositions of these witnesses either upon oral examination or by written interrogatories, assuming that they may be found.

In *Empire Box Corporation of Stroudsburg v. Illinois Cereal Mills*, 8 *Terry* 283, 90 *A.* 2d 672, 673, it is stated as a general rule that an adequate demonstration of good cause under Rule 34 requires a showing that "other avenues of discovery" are closed to the moving party. I have concluded in the instant case that the showing of impecuniousness and financial hardship, in conjunction with the difficulties encountered by the plaintiffs in locating the witnesses and in obtaining accurate and unbiased information on a voluntary basis, is an adequate showing that "other avenues of discovery" are closed to the plaintiffs under the test laid down in the *Empire Box* case.

"Good cause" is an elastic term which must be defined and applied according to the particular circumstances and the considerations of practical convenience of each case. The Rule leaves the matter to the Court's discretion. What are the bounds of sound judicial discretion in this type of case?

We have no reported opinion on the subject in this jurisdiction. We have, however, the benefit of the decisions of our Federal Courts on the question.

The standard established for the Third Circuit appears in the oft-quoted case of *Alltmont v. United States*, 1949, 177 *F.* 2d

971, 978, wherein it is stated that, to procure statements of witnesses from another party, the moving party must demonstrate good cause by showing:

"* * * that there are special circumstances in his particular case which make it essential to the preparation of his case and in the interest of justice that the statements be produced for his inspection or copying. His counsel's natural desire to learn the details of his adversary's preparation for trial, to take advantage of his adversary's industry in seeking out and interviewing prospective witnesses, to help prepare himself to examine witnesses or to make sure that he has overlooked nothing are certainly not such special circumstances since they are present in every case. * * *."

The rule has been applied in this District in *Pennsylvania R. Co. v. Julian, D. C. D. Del.* 1950, 10 *F. R. D.* 452, 453, a negligence case in which the defendant sought production of written statements of the plaintiff's employees, wherein Judge Rodney stated:

"It is reasonably clear that in a case of this sort, where much may depend upon the necessarily uncertain memory of a few individuals as to what occurred in the space of a few minutes or a few seconds, it is important and, indeed, necessary that both parties should have access to such more or less contemporaneous record of events as may exist. The plaintiff, however, in countering this motion to produce, has furnished to the defendant the names and addresses of numerous individuals from whom it contends the defendant could obtain the information which he seeks, by way of depositions. While it is true that in some cases a party may not be entitled to the production of statements of witnesses or of other persons procured by the other party, because he is in as good a position to obtain such statements himself, this, in my opinion, is not such a case. The reports and statements of the plaintiff's employees were made, it appears, almost immediately after the happening of the accident. Suit was not brought by the plaintiff until eleven

months after the accident. It follows, therefore, that even if the defendant had then acted with extraordinary expedition to obtain the statements of those employees by taking their depositions, such depositions would not have been based upon a reasonably fresh recollection of the events. The defendant could perhaps have attempted to obtain statements from the plaintiff's employees and witnesses before suit was instituted, but whether such an attempt would have been attended with entirely satisfactory results must be a matter of some uncertainty and doubt. It appears, furthermore, that several of the witnesses, whose names have been furnished by the plaintiff, could only be reached by the defendant with some difficulty or inconvenience.

"As far as the reports and statements of the plaintiff's employees are concerned, therefore, I conclude that good cause for their production exists under the particular circumstances of this case. * * *."

The foregoing is particularly significant in view of the fact that the accident here involved occurred more than four years ago. Compare *Reeves v. Pennsylvania R. Co., D. C. D. Del.* 1949, 8 *F. R. D.* 616; *Bowdle v. Automobile Ins. Co. of Hartford, D. C. D. Del.* 1950, 11 *F. R. D.* 148; *De Gaetano v. Frank A. Clendaniel, Inc. D. C. D. Del.* 1953, 15 *F. R. D.* 114; *De Bruce v. Pennsylvania R. Co., D. C. E. D. Pa.* 1947, 6 *F. R. D.* 403; *Herbst v. Chicago, Rock Island & Pacific R. Co., D. C. S. D. Iowa* 1950, 10 *F. R. D.* 14.

It appears that the authorities generally are in wide and deep conflict as to the proper construction to be given the term "good cause" in a case of this kind. Since the matter is discretionary and dependent upon the circumstances of each case, few authorities can be cited which are wholly in point. It is said, however, that "All courts agree that production [of written statements of witnesses] should be allowed where it is shown that the statements may contain information which is not otherwise available to the moving party, as where the witnesses cannot be found or refuse to give information." See 4 *Moore's Fed-*

*eral Practice* (2d Ed.) ¶ 34.08, pp. 2452-2454; ¶ 26.23[8], pp. 1141-1145.

Moreover, in weighing the circumstances to ascertain if they add up to "good cause", special consideration should be given, I think, to the practical handicap a moving party is under when he must attempt to obtain the voluntary cooperation of an employee of his opponent without the aid of the Court. This thought is reflected in *Pennsylvania R. Co. v. Julian, supra.* It is enlarged upon in *Brauner v. United States, D. C. E. D. Pa.* 1950, 10 *F. R. D.* 468, 471, in which, the Government being sued for the alleged negligence of Air Force personnel, the plaintiffs sought production by the Government of the written statements of three servicemen. The Court there took this realistic approach:

"* * * I would not go so far as to say that the witnesses would necessarily be hostile. However, they are employees of the defendant, in military service and subject to military authority and it is not an unfair assumption that they will not be encouraged to disclose, voluntarily, any information which might fix responsibility upon the Air Force."

See also *Viront v. Wheeling & Lake Erie Ry. Co., D. C. E. D. Ohio* 1950, 10 *F. R. D.* 45.

The defendant urges rigid application of the rule that good cause is not shown unless the moving party has made a bona fide attempt to get the desired information by independent investigation. This contention is addressed particularly to the two employees of the defendant whom the plaintiffs have not tried to reach. See *Goldner V. Chicago & N. W. Ry. System, D. C. N. D. Ill.* 1952, 13 *F. R. D.* 326, 329. As has been demonstrated by Judge Rodney, this rule may be applied in a situation in which the witness is readily and equally available to the moving party but it is not to be applied in an unequal situation such as exists here. See *Reeves v. Pennsylvania R. Co., supra* and *Pennsylvania R. Co. v. Julian, supra.*

The defendant cites *Burns v. Philadelphia Transp. Co.,* D. C. E. D. Pa. 1953, 113 *F. Supp.* 48; *Karttunen v. Drytrans, Inc.,* D. C. N. Y. 1953, 14 *F. R. D.* 23; *McCaffrey v. United States,* D. C. S. D. N. Y. 1952, 13 *F. R. D.* 512. Those cases are clearly distinguishable upon their facts and, insofar as they conflict with with the foregoing, I am unable to accept them. The defendant also cites three unreported decisions of this Court, one of which dealt with a written statement of the opposing party, one with the production of corporate minute books and one of which cannot be verified by reference to the record of the case. Obviously, these cases are not helpful.

Nothing herein contained is intended to conflict with *Fisher v. Glick,* 8 *Terry* 583, 95 *A.* 2d 464, in which it was held that a plaintiff has not shown good cause for the production of his own written statement, in the possession of the defendant, by asserting that he has forgotten its contents by reason of lapse of time.

█ Under the circumstances of this case, I have concluded that the plaintiffs have shown an abundance of good cause for the production of the statements they seek.

An order may be submitted on notice.