THE STATE OF MONTANA EX REL. GERALD HERSMAN AND YELLOWSTONE PARK COMPANY, A CORPORATION, RELATORS, v. THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF PARK, AND THE HONORABLE GEORGE J. ALLEN, DISTRICT JUDGE, RESPONDENTS.

No. 10556

Submitted March 11, 1963. Decided May 24, 1963.

381 P.2d 799

Anderson, Symmes, Forbes, Peete & Brown, Billings, Weymouth D. Symmes, Billings (argued orally), for relators.

Lamey, Crowley, Kilbourne, Haughey & Hanson, Billings, Cale Crowley, Billings (argued orally), for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding. Relator filed herein a verified petition wherein it was alleged that the respondent judge issued an order dated January 24, 1963, in an action pending in the respondent court entitled "Denver M. Crowell, Plaintiff, v. Gerald Hersman and Yellowstone Park Company, a corporation, Defendants", being case No.11514, by the terms of which the defendants in said action, being the relators here, were required to produce for plaintiff's inspection and copying certain policies of liability insurance maintained by such defendants. Relators further alleged that they had no right of appeal from the order and no plain, speedy or adequate remedy at law. This court issued an alternative writ commanding the respondent judge to vacate the order or show cause why he had not done so. Further proceedings in the respondent court were stayed until the further order of this court.

Return was made by the respondents and the cause heard on oral argument.

It appears that the plaintiff in the district court action moved the court for an order requiring the defendants and each of them to produce and deliver to the clerk of the district court so that the plaintiff may inspect, photograph or copy each and all policies of liability insurance which the defendants, or either of them, have with respect to the ownership, maintenance, or use of vehicles, either owned, non-owned, leased, or hired. The motion was based on the pleadings and the affidavit of counsel attached thereto.

The supporting affidavit cited the case of Johanek v. Aberle, D.C., 27 F.R.D. 262, (1961), as permitting discovery with respect to insurance coverage and limits under the Federal Rules, and further contended that under the decision of Mountain

States Mutual Casualty Company v. American Casualty Co., 135 Mont. 475, 342 P.2d 748, in order to ascertain the exact extent of coverage, it is necessary to examine the terms and provisions of the separate policies; that, in addition, there is or may be an issue of agency and whether or not the defendant Yellowstone Park Company had control of the operation of the vehicle at the time and place when the accident occurred, and the issue of which of the defendants had and paid for insurance on the vehicle involved in the accident may or may not have some bearing upon that issue.

The motion was submitted upon memorandums of the respective parties and the order complained of was granted by the court.

There is but one question, and that is whether or not the district court was correct in granting the motion to compel the relators to produce for inspection and copying any policies of liability insurance which they might have.

Relators contend that as to requiring disclosure of policy limits under the Federal Rules the Federal Courts are divided, the majority holding that a defendant cannot be compelled to make such disclosure, though the two Federal District Court Judges in Montana have required such a disclosure; that the district courts of Montana are also divided in that some judges require it and others refuse. They further contend that the resources of a defendant in a personal injury action are not relevant prior to a judicial determination of liability or damage and that to permit an examination of liability policies owned by a defendant would unduly invade the right of privacy prior to a determination of liability.

Respondents assert that our Rules of Civil Procedure by their very scope should be construed to secure the just, speedy and inexpensive determination of every action, and that while decisions under Rule 26(b) of the Federal Rules are sharply divided the sounder view is to require the disclosure; that such a disclosure might play a critical role in settlement negotiations,

might shed light on the relationship of the parties, the owner-ship of the property or previous actions.

In his complaint by paragraph II, the plaintiff alleged:

"That on August 29, 1962, at about 9:50 o'clock P.M., Ger-ald Hersman was driving a 1948 White, Tandem Drive, flat-bed truck, in a southerly direction from Gardiner, Montana, along U.S. Highway No. 89 toward the aforesaid place; that said truck was owned by the defendant, Yellowstone Park Com-pany; that there was painted on the side of each of the doors of said truck an insignia of the picture of a bear superimposed over the top of which was the name 'Yellowstone Park Com-pany', and that superimposed below said picture the number '988', and the marking 'GVW 30,000', that said truck bore a Montana license plate No. 49-T-1642 issued for the year 1959 to the defendant Yellowstone Park Company, which license plate had on it a 1962 tab; that said truck also bore a plate marked:

" 'Mont. A-1881
     A-4
     Exp. 12-31-62'

that plaintiff is informed and believes, and therefore alleges, that said plate was issued to the Yellowstone Park Company; that on said truck there was an additional plate entitled 'Mont., 1962, Truck Tractor, 05761', a plate issued to the Yellowstone Park Company; that on both the front and rear of said truck, there were yellow license plates entitled 'Yellowstone Park-988' which were plates issued to the Yellowstone Park Com-pany."

The separate answers of both defendants admit these allega-tions.

In alluding to these allegations respondents in their brief state:

"In this particular case, one of the important issues is the relationship between the defendants—were they master-serv-ant, or principal-independent contractor. Those facts admitted

bring into the picture presumptions of agency and control. One of the evidentiary pegs recognized by the courts is 'who carried insurance on the particular vehicle involved'. Only by an examination of the policies themselves can it be determined whether they afford competent evidence in that regard, or whether they will lead to competent evidence on the issue of agency."

Thus, it is argued that only by an examination of such policies as exist can evidence or information be obtained which might lead to such proof. It would appear to the court that other avenues exist, depositions or interrogatories as examples, and it can hardly be contended that resort in the first instance should be made to the policies. Be that as it may, we are not without authority leading in almost every direction as to the problem posed.

■ In reaching our conclusion herein we are mindful of our respect for the two Federal District Courts and their Judges and we give considerable weight to their positions. However, Montana throughout its history has never permitted disclosure of insurance coverage in negligence cases, and it requires no citation of authority to state that it has been held to be reversible error to inject the insurance question into the trial. It would appear to us that while we have adopted the new Civil Rules and are mindful of their scope, nevertheless we should correlate them into our former practice whenever it is possible to do so and thus while preserving their merits conform to general established principles.

■ In our view, the resources of a defendant in a negligence action are not germane before a judicial determination of liability and assessment of damages. We think to hold otherwise constitutes an invasion of privacy and a delving into the confidential affairs of a defendant which is neither relevant nor necessary to determine any issue in the litigation, prior to entry of judgment. Arguments to the effect that such disclosures may facilitate settlement of the litigation do not appeal to us in that it is our belief that such disclosures are prone in many instances

to give a plaintiff a strategic advantage over a defendant. Certainly our rules are not intended to be used for such a purpose.

Let a writ issue commanding the respondent court to vacate its order dated January 24, 1963, and to enter an order denying the motion.

It is so ordered.

MR. JUSTICES CASTLES, ADAIR and DOYLE concur.

MR. JUSTICE JOHN C. HARRISON dissents.