**Marie CHILDERS, Plaintiff,**

v.

**John S. NICOLOPOULOS, Defendant.**

**Civ. No. 68–163.**

United States District Court
W. D. Oklahoma.

Jan. 29, 1969.

Gus Rinehart, of Rinehart, Morrison & Cooper, Oklahoma City, Okl., Frank Seay, Seminole, Okl., for plaintiff.

John D. Cheek, of Cheek, Cheek & Cheek, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Plaintiff seeks the name of Defendant's insurer, if any, and the amount of coverage which such insurer may provide the Defendant. Plaintiff proceeds by way of Rule 33, F.R.Civ.P., 28 U.S.C.A.

There is irreconcilable conflict in the cases which deal with this question. In this respect, Barron and Holtzoff (Wright Ed.) states:

"Very few questions involving discovery are as unsettled as in the discoverability of defendant's liability insurance, if any. The usual rule is, of course, that the existence of insurance may not be proved at the trial of the case. * * * The question which has divided the courts is whether discovery as to insurance can be had where the fact of insurance would not be provable at the trial and plaintiff is interested in it only so that he may ascertain whether he will

be able to collect such judgment as he may obtain." Barron and Holtzoff (Wright Ed.), § 647.1, p. 78.

Oklahoma has a statute which embodies the substance of Rule 33 F.R.Civ.P., which is 12 Okl.St.Ann. § 549.[1] In a recent case interpreting this statute, Carman v. Fishel, 418 P.2d 963 (Okl.1966), the court held, with one justice dissenting, that interrogatories concerning liability insurance were not proper subjects for interrogation, although the court did consider that circumstances would exist where such interrogatories would be proper. Only one court in the Tenth Circuit has passed on this question, insofar as the reported decisions indicate.[2] It held that such interrogatories should be answered on the basis of implementing the policy expressed in Rule 1, F.R.Civ. P., which requires that the Federal Rules should be construed so as to secure the just, speedy, and inexpensive determination of every action, and that by permitting discovery of insurance liability limits, this type of case would be more likely to be settled, thereby relieving congested court calendars. In this connection, the Oklahoma court, in Carman v. Fishel, supra, makes the following acute observation:

"These views seem to adopt the belief that the litigant exists for the benefit of the court and the law, rather than vice versa, and that almost any information could be forced out of either side to a lawsuit if it would somehow contribute to the clearing of the court's calendar." 418 P.2d 963 at p. 974.

 Without going into an extended discussion of the many authorities from other jurisdictions which have expressed their conflicting views on this subject, the Court is of the opinion that Plaintiff's interrogatories should be denied for the following reasons:

1. Whether this information will be an aid to settlement of this case out of court is a matter of pure speculation (conceivably it might have the opposite effect) and is a matter in which the Court should not meddle prior to judgment.

2. The facts of insurance coverage and its extent are in no way relevant to the issues of negligence raised by the pleadings of this case.

3. The interrogatories do not appear to be reasonably calculated to lead to discovery of admissible evidence.

4. Plaintiff's damages presumably are calculated on the basis of her injuries and losses, and not according to the extent of Defendant's liability insurance coverage, if any.

Defendant's Objections to Plaintiff's Interrogatories are sustained.

## ORDER

Upon consideration of the request of Plaintiff that the Defendant post a bond in an amount equal to his maximum liability insurance coverage in view of the Stay of approximately six months heretofore granted the Defendant pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, § 201, 50 U.S.C.A. App. § 521, the Court finds in its discretion that said request to post bond should be denied.

 The Stay granted was for a short period of time. It was based on the Defendant being presently on military duty in Vietnam and due to return to this Country in May of 1969. In the

---

1. The statute provides, in part: "Any party to a civil action or proceeding may serve written interrogatories upon any adverse party, to be answered by the party served * * *. Interrogatories may be served after commencement of the action and without leave of court * * *. The interrogatories shall be answered separately and fully in writing under oath. * * * Interrogatories may relate to any matters which can be inquired into by deposition, and the answers may be used to the same extent as answers in depositions. * * * The number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression. * * *"

2. Ash v. Farwell, 37 F.R.D. 553 (D.C. Kan.1965).

ordinary course of jury trials in this Court it is doubtful that the case could come to trial before May, 1969. The said Act, §§ 103 and 201, 50 U.S.C.A. App. §§ 513 and 521, does not require the posting of the requested bond in event a stay is granted thereunder. Directing such a bond is, therefore, discretionary with the Court.

In the circumstances of this case, the request for a bond is denied in the discretion of the Court.