Alexander J. STONE et al., Petitioners,

v.

S. Thomas COLEMAN, Jr., Special Judge of the District Court of Tulsa County, Respondent.

No. 50137.

Supreme Court of Oklahoma.

Dec. 7, 1976.

Hall, Estill, Hardwick, Gable, Collingsworth & Nelson by Mack Muratet Braly, Tulsa, for petitioners.

Ronald A. Skoller, Tulsa, for respondent.

LAVENDER, Justice:

This original action involves the interpretation of 12 O.S.1971, § 848.[1] The contempt order is used as a procedural device here. The order itself is not the central issue. Parties understand that if the con-

tempt order is allowed to stand the petitioner will purge himself of contempt by compliance with a subpoena duces tecum to produce books and records.

A money judgment was rendered in the District Court of Tulsa County. By supplementary proceedings in that cause, the judgment creditor sought aid in execution of judgment. 12 O.S.1971, § 841 et seq. In a disclosure of assets hearing (§ 842) the judgment debtor testified of substantial monies paid to a third party corporate entity by assignment of contract proceeds. Thereafter and under §§ 848, 849 an order in the general form of a subpoena duces tecum was directed to this third party witness. The form and service of this order is not an issue. It calls for the witness to produce all documents, books, and records of all transactions between the judgment debtor and the third party entity. This includes indebtedness and payment of the judgment debtors to that third party.

The petitioners, as third party witnesses, argue § 848 limits their testimony (1) to oral matters, with use of records limited to refreshing the memory of the witness and not general inspection, and (2) the proper predicate of materiality is required for use of records which is absent here. The judgment creditor, through the respondent, argues no limitation under § 848 of the third party witness to oral testimony alone; and as a tool of discovery, no predicate of materiality is necessary, but if required, it is met here.

 Parties argue as to application and meaning of case law from foreign jurisdictions that are not of current origin. We look principally to the language of § 848 itself, as controlling in the third party situation, as here. This type of witness may be required to testify "in the same manner as upon the trial of an issue." Section 848, supra, is a trial procedure and not a discovery procedure. Discovery statutes requiring matters subject to discovery

---

1. 12 O.S.1971, § 848. "Witnesses may be required, upon the order of the judge, to appear and testify upon any proceedings herein provided in the same manner as upon the trial of an issue."

**906**

to be "relevant" mean those materials either (1) admissible as evidence or (2) which might lead to the disclosure of admissible evidence. *Carman v. Fishel*, Okl., 418 P.2d 963 (1966). The testimony allowed to be secured by § 848, supra, should be admissible as evidence as in a trial. It is not enough the testimony might lead to the disclosure of admissible evidence.

■ "Under order of the judge," the third party witness may be required "to appear" in the same manner as in the trial of an issue. We see no rationale to limit that appearance to oral testimony. That court's order in a subpoena form requiring an appearance may include a clause directing the production of books, writing, or other things which the witness is bound by law to produce as evidence. 12 O.S.1971, § 387. That evidence must be relevant. It must be admissible in evidence. In *Carman, supra,* it was the discovery statute § 548, and not the subpoena duces tecum statute, § 387, supra, that controls what the witness is bound by law to produce. Here it is § 848 that controls.

■ In the July 1, 1976, hearing and examination of the judgment debtor, he testified of four projects where contract proceeds earned by the judgment debtor entities were paid to the third party entity, with that third party entity making the disbursements. The judgment debtor testified as to the existence of a disbursal list. We find any disbursal list as to those transactions to be relevant and subject to production under § 848. The proper predicate was laid for their production by the testimony of the judgment debtor. To require the production of all books and records of all transactions between the judgment debtor and the third party entity would make § 848 a discovery procedure that might lead to the disclosure of admissible evidence. This is not the intent of § 848, supra. It is a trial procedure, and not a discovery procedure, in the supplemental proceedings allowed by § 481, et seq.

■ Petitioners also argue the judgment creditor was seeking to impeach his own witness. At the third party witness hearing on September 2, 1976, the judgment creditor sought immediate production of the documents called for by the subpoena duces tecum immediately upon the third party being called as a witness. Petitioners objected for failure to lay a proper foundation. After some confusion between the parties and the court, the petitioner's attorney was allowed to ask a few preliminary questions. It was then the witness testified for the first time that the third party entity held no property of the judgment debtor and was not indebted to the judgment debtor. Thereafter, the judgment creditor examined on this issue. We do not hold this to be the impeachment of one's own witness.

By reason of the holdings in this opinion, we find the contempt order, based on the broad requirement for the third party corporate entity to produce *all* documents, books and records of *all* transactions between the judgment debtor and the third party entity, should not stand. Writ of prohibition is granted.

ALL OF THE JUSTICES CONCUR.