**Don R. LISLE, Petitioner,**

v.

**Honorable Charles L. OWENS, Judge of the District Court of Oklahoma County, State of Oklahoma, Respondent.**

**No. 47155.**

Supreme Court of Oklahoma.

April 30, 1974.

Gene A. Castleberry, Oklahoma City, for petitioner.

Don Porter, Oklahoma City, John T. Edwards, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, for Fred Jones Lincoln-Mercury, Oklahoma City.

SIMMS, Justice:

Petitioner, plaintiff in the trial court, asks this Court to assume original jurisdiction and prohibit the Respondent Judge from enforcing a pre-trial discovery order. The order permitted the defendant in the trial court to inspect certain written questionnaires prepared by plaintiff's counsel and the answers received from third parties to whom the questions were directed.

Original Jurisdiction Assumed. Writ of Prohibition Issued.

Petitioner, hereinafter referred to as plaintiff, originally commenced an action in the District Court of Oklahoma County against a car dealer to recover actual damages of $400, and exemplary damages of $30,000 based on the car dealer's sale to plaintiff of a used automobile. It is alleged that unbeknownst to plaintiff, the car dealer had turned the odometer reading back to 16,486 miles from something in excess of 26,000 actual miles.

On deposition of the car dealer's general manager, plaintiff learned that the mileage rollback on the car sold plaintiff was not an isolated incident, but was established practice in the car dealer's business. By way of pre-trial discovery, Respondent Judge permitted plaintiff to inspect the car dealer's records pertaining to all used car sales from January 1, 1970 through June 30, 1973.

As a result of plaintiff's investigation of the car dealer's records, plaintiff mailed written questionnaires to approximately 250 of the car dealer's customers. The questionnaires sought information pertaining to the date of purchase of the automobile; mileage shown when purchased; whether the purchaser had been apprised by the car dealer that the mileage reading had been rolled back; and other information pertaining to the odometer readings. An undisclosed number of answered ques-

tionnaires were received from the customers by plaintiff's counsel.

Respondent Judge, through pre-trial discovery procedures, granted the car dealer the right to examine the answered questionnaires in plaintiff's custody. Plaintiff seeks prohibition against the enforcement of this order.

Petitioner argues the questionnaires and answers constitute *Attorney's Work Product* and since the car dealer cannot show that his request for discovery is a "special circumstance" justifying an exception to the general rule, the work product is not susceptible to discovery. Alternatively, the plaintiff argues that if the questionnaires are not exempt from discovery by the attorney's work product rule, the car dealer failed to make an ordinary showing of "good cause" for discovery and production of documents as required by 12 O.S.1971, § 548.

■ Prohibition will lie to prevent excessive exercise of discretion by the trial court in ordering pre-trial discovery. Carmen v. Fishel, Okl., 418 P.2d 963 (1966). In *Carmen* we held that an order under the discovery statute was not an appealable order. Moreover, we stated that the remedy of appeal from the final judgment might not be an adequate remedy where a party to a law suit has been wrongfully compelled to produce from his file certain material for inspection by his adversary.

The initial issue to be determined is whether the facts set forth in the pleadings constitute "good cause" for the production of the requested questionnaires and answers. The discovery statute relied upon, 12 O.S.1971, § 548, begins:

"[On] Motion of any party showing good cause * * *."

The statute then enumerates what type of documents, etc. may be ordered produced for inspection, copying, or photographing and what the order for discovery shall specify.

■ The standard for determining "good cause" was set forth in Carmen v. Fishel, *supra* at 972:

"Where party applying for the production, inspection and copying of witnesses' statements obtained by his adversary makes no showing that witnesses are no longer available, or cannot be located, or are hostile and will not furnish information, or that the information desired cannot be obtained elsewhere upon diligent effort, there is no showing of 'good cause' sufficient to justify an order of production."

We have uniformly held that what constitutes "good cause" depends on the circumstances in each case. See, Cowen v. Hughes, Okl., 509 P.2d 461 (1973); Jones Packing Company v. Caldwell, Okl., 510 P.2d 683 (1973).

■ An examination of the pleadings filed in the trial court, and an examination of the disputed court order, discloses that no evidentiary affidavits were submitted to the trial court in support of the car dealer's motion to examine the questionnaires and answers. Additionally, the record before us is devoid of facts upon which the Court could conclude that "good cause" was shown by defendants. On the contrary, the trial court's order permitting discovery only finds "a number of the purchasers are *likely* to be hostile and uncooperative to defendant." (emphasis added) The trial court order contains the additional recitation "that the information contained in the answers to the questionnaire submitted by plaintiff to said purchasers *likely* cannot be obtained from any other source than plaintiff." (emphasis added) The statutory requirement that a showing of "good cause" be made before the inspection of documents in the possession of the adverse parties is granted by the court clearly requires a showing of factual good cause as opposed to conclusionary or speculative good cause.

■ In the instant case, the source of the names and addresses of persons who purchased cars from the car dealer were taken from the records of the car dealership itself. The customers who responded to the questionnaire are just as available to

the defendant for interrogation as they were to plaintiff. Exhibits submitted to this Court indicate that the critical information (i. e. which cars had their odometers rolled back and to which persons they were sold) is contained in the records of the car dealership.

The car dealer argues that the answers sought to be discovered would be helpful in cross-examination of the purchasers of automobiles in the event the purchasers testified on the issue of exemplary damages. In addition, the car dealer argues the answers to the questionnaires may contain impeachable statements. However, the bare fact that the documents sought might be helpful in cross-examination or by way of impeachment is not controlling on the issue of "good cause." Carmen v. Fishel, *supra*, 418 P.2d at 971.

We must, therefore, conclude that the car dealer has failed to set forth facts showing the presence of "good cause" which would entitle him to an examination of the questionnaires and answers in possession of plaintiff's counsel.

Plaintiff further argues that the questionnaires prepared by plaintiff's counsel, mailed to customers whose names were discovered from the car dealer's records, and the answers received are not subject to discovery for they fall within the mantle of protection of ."work product."

The exemption from discovery of a lawyer's "work product" was recognized in the *Carmen* case:

"In order to protect the adversary system and to insure its continuation, the U. S. Supreme Court stated that only in those cases of necessity, where a denial of discovery would result in an injustice, should one attorney be permitted access to his adversary's work product and that the burden should be upon the ones seeking discovery to show such facts as will support a claim of necessity. See the Specially Concurring Views of Justice Jackson in Hickman wherein the learned justice stated with clarity one of the reasons for the exercise of restraint in

opening the files of one attorney to his opponent, absent a good reason therefore, when he said that while it may be true the rules permitting pre-trial discovery were designed to 'do away with the old situation where a lawsuit developed into a "battle of wits between counsel" '. * * * A common-law trial is and always should be an adversary proceeding. Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." 418 P.2d, at 969.

■ The Supreme Court of the United States in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, speaking through Mr. Justice Murphy, promulgated a precedent setting opinion on the scope of "attorneys work product" and its general exemption from discovery procedures. In addition, *Hickman* establishes those exceptions wherein "attorneys work product" will not prevent the inspection of materials commonly within the scope of "work product." "Work product" was held to be inclusive of an attorney's correspondence to third parties. Only upon a showing of "special circumstance" which would prove the work sought to be essential to the preparation of the case may the work product of an attorney be discovered through pre-trial discovery procedure. Hickman v. Taylor, *supra*; Carmen v. Fishel, *supra*. To put it another way, there must be finding that a denial of the production would result in injustice.

■ We therefore conclude that the questionnaires and answers sought to be discovered fall within the definition of "work product" and are not available for inspection under the special circumstances exception to the work product rule. We also find that good cause was not established that would permit discovery.

We Assume Original Jurisdiction, and Issue the Writ of Prohibition against the enforcement of the order permitting the car dealer to inspect the questionnaires and

answers in the possession of plaintiff's counsel.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, LAVENDER, BARNES and DOOLIN, JJ., concur.