**Delmar COX, Petitioner,**

v.

**Harold THEUS, Judge of the District Court of Oklahoma County, Respondent.**

**No. 49567.**

Supreme Court of Oklahoma.

Sept. 20, 1977.

C. H. Spearman, Jr., Morland T. Barton, Edmond, for petitioner.

Otto Pluess, III, Oklahoma City, for respondent.

LAVENDER, Vice Chief Justice:

Darrell Gibbs (Gibbs) brought suit alleging slander against Delmar Cox (Cox), petitioner here, in the District Court of Oklahoma County. Both actual and punitive damages were sought.

Gibbs had operated a pawn shop owned by Cox. That arrangement was terminated. Gibbs sought other employment and was hired subject to a background check. That check included an interview with Cox, as Gibbs's former employer. Gibbs's petition alleged Cox on two interviews made

slanderous statements as to Gibbs honesty. This caused Gibbs to lose his employment opportunity. He sought both actual and punitive damages against Cox.

After some difficulty with the taking of a discovery deposition of Cox and on the application of Gibbs, the trial court entered a show cause order requiring Cox to appear for deposition and bring with him particular records, both business and personal.[1] The personal records sought related to Cox's financial worth. After the show cause hearing, the trial court refused to modify his order and kept it in effect as to the production of documents.

Petitioner Cox brings this original action asking this court to assume original jurisdiction and issue a writ prohibiting the trial court from enforcing the production of records as ordered.

There is some difficulty in determining the statutory basis for the production order. It is an order of the court, and involves pre-trial discovery. Petitioner believes the order to be issued under 12 O.S.1971, § 548 and argues the necessity for "good cause" as required by that section. Respondent identifies no particular statute authorizing the order. Respondent does contend "good cause" was satisfied. This indicates respondent agrees with petitioner's understanding the discovery was attempted under § 548.

■ Here, petitioner seeks relief from alleged excessive exercise of discretion by the trial court in ordering pre-trial discovery. Prohibition will lie to prevent such an abuse. *Carman v. Fishel*, Okl., 418 P.2d 963 (1966); *Lisle v. Owens*, Okl., 521 P.2d 1375 (1974). In *Lisle, supra*, this court said of *Carman* :

"Moreover, we stated that the remedy of appeal from the final judgment might not be an adequate remedy where a party to a lawsuit has been wrongfully compelled to produce from his file certain material for inspection by his adversary."

Jurisdiction is assumed in the case at bar.

On the merits, the argument to sustain respondent's order is that financial worth is an issue in a cause seeking punitive damages. Reliance is upon *Fawcett Publications, Inc. v. Morris*, Okl., 377 P.2d 42 (1962). There, evidence as to financial worth was found competent and admissible when punitive damages are proper.

*Fawcett Publications, Inc., supra*, allowed *at trial* the introduction of evidence of financial worth of the defendant where punitive damages are sought and the *evidence was sufficient* to support that kind of an award by the jury. There, the introduction was at trial and, after sufficient evidence, sustained that kind of an award. Here, the personal records of financial worth are sought at the discovery level based on an allegation, and not evidence to justify punitive damages. Present case is not controlled by the *Fawcett Publications* decision.

■ We examine punitive damages. 23 O.S.1971, § 9 [2] allows damages "for the sake

1. Records detailed in the trial court's order were:
   "1. All business records of Western Pawnshop # 2 from and including July 1974, through and including July 1975, to include the daily sheets, the monthly recap or compilation of the daily sheets, the pawn tickets, copies of daily reports to the Oklahoma City Police Department, a copy of an inventory taken prior to the Plaintiff going to work for Western Pawnshop # 2, a copy of the ending inventory when the plaintiff terminated working for Western Pawnshop # 2 and the name and addresses of all employees during the aforesaid period of time who worked for Western Pawnshop # 2 either on a full-time or part-time basis.

   "2. Copies of your Federal and State Income Tax Returns for the years 1971, 1972, 1973, 1974 and 1975.
   "3. A detailed list of all real estate which you own or have an actual or beneficial interest in and to.
   "4. A detailed listing of all your assets including stamp and coin collections.
   "5. A copy of any financial statements given to banks or other financial institutions since March 1, 1973, up to and including April 14, 1976."

2. § 9. Jury may give exemplary damages, when
   "In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the

of example, and by way of punishing the defendant." Exemplary damages come only with a guilt determination of oppression, fraud or malice, or a form of gross negligence or wantonness. The theory is the punishment of the offender, for the general benefit of society. *Oden v. Russell,* 207 Okl. 570, 251 P.2d 184 (1952).[3] The imposition of this type damages seeks to act as a restraint to the transgressor. *Jones Leather Co. v. Woody,* 67 Okl. 184, 169 P. 878 (1918). "Thus, Oklahoma has given legislative recognition to a common law rule of long standing and acceptance. The practice of awarding punitive damages is a well-recognized exception to the traditional compensatory theory of damages. Exemplary damages, or 'smart money' as they are sometimes denominated, are given as punishment to the transgressor for acts condemned by society, and, notwithstanding the incidental pecuniary gain to the party wronged, the primary benefits accrue to the community."[4]

A party asking for exemplary damages has only an incidental personal interest. His recovery is whole and complete with actual damages. Exemplary damages, as a tool to deter the wrongdoer, is for society's benefit and not the litigating party's. Exemplary damages are not a basis and a means for awarding expenses of litigation. Specific statutes allow cost and attorney fees that in the wisdom of the legislature should be permitted to be recovered by litigating parties. Punitive damages are allowed after the trier of the fact determines the guilt of the transgressor of acts not tolerated by society. Exemplary damages are highly penal and punishment thereof should not be lightly imposed. *Shobe v. Sykes,* 169 Okl. 491, 37 P.2d 908, 911 (1934).

The allowance, including the amount, of exemplary damages is not an issue for, or a real concern of, the party claimed to have been wronged. Exemplary damages go neither to merits of the issues being litigated nor to the actual recovery sought by the litigation. Although at trial, evidence of financial worth is competent and admissible to go to the jury if other evidence was sufficient to support punitive damages award,[5] financial worth is not a real interest of the opposing party and is not a proper subject for pre-trial discovery. This is particularly emphasized where the basis for punitive damages is on allegations and conclusionary, as opposed to facts and evidence. *Lisle, supra,* p. 1377. Here, the requiring of the production of personal financial records was an excessive exercise of the trial court's discretion in ordering pre-trial discovery.

Detailed business records of the pawn shop operation for a period of approximately a year from July 1974 through July 1975 is included in the production order.[6] It is unclear as to why these records are sought. This opinion does not allow the production as discovery relating to financial worth. We have before us the petition in the suit for slander brought by Gibbs against Cox. On the background interview and in reply to the inquiry of "How about honesty?", Cox is alleged to answer, "Nothing that I can prove." We have difficulty in finding these business records would be material and admissible as evidence or might lead to the disclosure of admissible evidence under the present state of the pleadings, which is here limited to the petition. *Carman, supra.*

The trial court is prohibited from proceeding further in enforcing his order of

---

actual damages, may give damages *for the sake of example, and by way of punishing the defendant.* (Emphasis added.)

**3.** Syllabus by the Court:
 "Exemplary damages are imposed by the law on the theory of punishment to the offender, for the general benefit of society, and are allowed only in cases where fraud, oppression, gross negligence or malice, actual or presumed, enter into the cause of action, but a person may

commit such wilful acts in reckless disregard of another's rights that malice will be inferred."

**4.** Jacob F. May, Jr., "Punitive Damages, Symposium on the Oklahoma Law of Damages," 6 Okl.L.Rev. 1953 (footnotes omitted).

**5.** *Fawcett Publications, Inc., supra.*

**6.** See n.1, item 1, *supra.*

April 2, 1976, here under attack as to the production of any of the documents therein detailed.

Jurisdiction assumed and Writ of Prohibition granted.

DAVISON, WILLIAMS, IRWIN and BERRY, JJ., concur.

HODGES, C. J., and BARNES and SIMMS, JJ., dissent.