**AMERICAN BENEFIT LIFE INSURANCE COMPANY, an Alabama Corporation, Plaintiff,**

**and**

**Louis J. Roussel, Plaintiff and Counterdefendant,**

**v.**

**Bernard G. ILLE, Dr. Guy Bellamy, Russell E. Caston, Jr., Ed Dudley, Joe F. Gary, Jack T. Massey, Russell H. Matthias, Ray W. Swisher, and Robert M. Benson, Defendants and Counterclaimants,**

**and**

**United Founders Life Insurance Company, Additional Counterclaimant.**

**No. CIV–78–0147–D.**

United States District Court,
W. D. Oklahoma.

Oct. 16, 1978.

P. M. Williams, Oklahoma City, Okl., for plaintiffs and counterdefendant.

Jack R. Lawrence, James W. Bill Berry, Burck Bailey, Oklahoma City, Okl., for defendants, counterclaimants and additional counterclaimant.

### ORDER

DAUGHERTY, Chief Judge.

Plaintiffs American Benefit Life Insurance Company and Louis J. Roussel bring this action against the above named Defendants alleging that the Defendants, in their capacities as officers and directors of United Founders Life Insurance Company, tortiously interfered with Plaintiffs' rights to the ownership of approximately 3.9 million dollars worth of United Founders' common stock. Plaintiffs seek actual and punitive damages. The Defendants have filed a counterclaim against Roussel for libel wherein they seek actual and punitive damages. It is asserted that this Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship and amount in controversy.

On August 4, 1978 Defendants filed a request for Roussel to produce and permit Defendants to inspect and copy specified documents. The manner is now before the Court on Roussel's Motion for Protective Order Pursuant to Rule 26(c), Federal Rules of Civil Procedure. Roussel has filed a brief in support of his motion and Defendants have filed a brief in opposition thereto.

Roussel moves the Court to enter a protective order relieving him from producing the following documents:

"3. All documents showing Roussel's current net worth and the method by which his net worth was calculated.

4. All balance sheets, profit and loss statements or other financial statements prepared by or for Roussel reflecting the financial position of Roussel during the years 1977 and 1978 and including, without limitation, periodic financial statements whether weekly, monthly, quarterly, semi–annual or annual statements and occasional statements."

Roussel contends that *Cox v. Theus*, 569 P.2d 447 (Okl.1977), establishes that under the law of the State of Oklahoma a litigant's net worth and assets are conditionally privileged documents and are protected against production until the following requirements have been met:

"1. Counterclaim Plaintiffs must have properly alleged a cause of action for punitive damages.

2. Counterclaim Plaintiffs must have presented their case–in–chief to the Court and jury *at trial* and, as a part thereof, have introduced sufficient probative evidence to make out a prima facie case of *entitlement* to punitive damages." (Emphasis in original.)

Roussel maintains that *Cox v. Theus, supra,* is "a decision expressing the public policy of this State as to *whether,* and under what circumstances, a private litigant will be allowed to pursue what is essentially a claim belonging to the people of the State as a whole" and that it is a "rule of decision" which must be followed by this federal

Court sitting in Oklahoma and exercising jurisdiction over an Oklahoma cause of action by virtue of diversity of citizenship. Counsel for Roussel has complied with Local Court Rule 13(d) of this judicial district as he has stated in his motion that counsel for the parties have conferred in good faith to resolve the instant discovery dispute but that they have been unable to do so.

In their brief in opposition to the instant motion, Defendants contend that the issue of whether information relating to Roussel's financial condition is discoverable prior to trial is a procedural question governed exclusively by the Federal Rules of Civil Procedure and not by the statutory or common law of Oklahoma interpreting substantive issues relating to punitive damages.

In *Cox v. Theus, supra,* the plaintiff, who had brought a slander action seeking actual and punitive damages, sought pretrial discovery of records showing the defendant's financial worth. The trial court ordered the records produced. The defendant then sought a writ from the Oklahoma Supreme Court prohibiting the trial court from enforcing the production of the records as ordered. The Court granted the writ of prohibition and stated:

> Although at trial, evidence of financial worth is competent and admissible to go to the jury if other evidence was sufficient to support punitive damages award, financial worth is not a real interest of the opposing party and is not a proper subject for pre–trial discovery . . . Here, the requiring of the production of personal financial records was an excessive exercise of the trial court's discretion in ordering pre–trial discovery. (Footnote omitted.) 569 P.2d at 450.

◼ The pretrial discovery mechanism in federal courts is established by Rules 26 through 37 of the Federal Rules of Civil Procedure. Though a federal court in a diversity action is to apply the substantive law of the forum in which it sits, discovery, as a procedural matter, is governed in a federal court only by the Federal Rules of Civil Procedure and state discovery practices are irrelevant. *See* 8 Wright & Miller, *Federal Practice and Procedure* : Civil § 2005 (1970). Accordingly, the Court finds that the pretrial discovery of Roussel's financial condition in this federal case is not controlled by *Cox v. Theus, supra.*

Under Rule 34, Federal Rules of Civil Procedure, "[a]ny party may serve on any other party a request (1) to produce and permit the party making the request . . to inspect and copy, any designated documents . . . which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Rule 26(b)(1) establishes in part that discovery may be obtained "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Under the Federal Rules relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *E. g., Miller v. Doctor's General Hospital,* 76 F.R.D. 136 (W.D.Okl. 1977). Discovery rules are to be accorded a broad and liberal treatment. *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

◼ Under the foregoing liberal standards, the Court finds that information about Roussel's financial condition is relevant to the Defendants' counterclaim against Roussel wherein they seek actual and punitive damages for libel. It is well settled in Oklahoma that in an action wherein punitive damages are proper, evidence of the financial worth of the defendant is competent and admissible. *See Cox v. Theus, supra,* 569 P.2d at 450; *Basden v. Mills,* 472 P.2d 889 (Okl.1970); *Fawcett Publications, Inc. v. Morris,* 377 P.2d 42 (Okl.1962). The fact that the information sought will be admissible is a strong argument in favor of discovery. 8 Wright & Miller, *Federal Practice and Procedure* : Civil § 2008, at 48 (1970). In view of the possible admissibility of information about

Roussel's financial condition as evidence in Defendants' Counterclaim against Roussel, this Court is unable to conclude that such information is irrelevant to the subject matter of said Counterclaim. It has been this Court's practice to permit the pretrial discovery of a litigant's financial worth in an action wherein punitive damages are sought from that litigant. *See Miller v. Doctor's General Hospital, supra,* 76 F.R.D. at 140, where the Court noted that "[w]here punitive damages are claimed, it has been generally held that the Defendant's financial condition is relevant to the subject matter of the action and is thus a proper subject of pretrial discovery."

Moreover, Rule 26(c) requires that "good cause" be shown for a protective order to be issued. The burden is therefore upon the movant to show the necessity of its issuance. *General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d 1204 (Eighth Cir. 1973), *cert. denied,* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974); 8 Wright & Miller, *Federal Practice and Procedure:* Civil § 2035, at 264 (1970); *see Blankenship v. Hearst Corp.,* 519 F.2d 418 (Ninth Cir. 1975); *Alliance to End Repression v. Rochford,* 75 F.R.D. 431 (N.D.Ill. 1976). "Good cause" within the meaning of Rule 26(c) contemplates a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *General Dynamics Corp. v. Selb Manufacturing Co., supra,* 481 F.2d at 1212; Wright & Miller, *supra,* at 265.

In the instant case Roussel has failed to sustain his burden of showing the necessity for the issuance of the requested protective order.

Accordingly, Roussel's Motion for Protective Order Pursuant to Rule 26(c), Federal Rules of Civil Procedure, is overruled.