Gabriele H. **JACKSON**, Plaintiff,

v.

**UNITED STATES of America**, Defendant.

**Civ. A. No. 91–B–1994.**

United States District Court,
D. Colorado.

Nov. 16, 1993.

Frank Plaut, Plaut & Lipstein, P.C., Lakewood, CO, for plaintiff.

Chalk Mitchell, Asst. U.S. Atty., Roger E. Einerson, Asst. Director, Torts Branch, Civil Div., Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER comes before the Court on Plaintiff's motion for protective order and Plaintiff's motion to limit the number of expert witnesses Defendant may call at trial. A hearing was held on the motions on November 2, 1993. Present were the following: Frank Plaut, attorney for Plaintiff, and Roger Einerson, attorney for Defendant. Argument was presented by counsel, and the matters were taken under advisement.

## PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Plaintiff seeks a protective order: 1) directing that she not be required to answer Defendant's second set of interrogatories or its amended second set of interrogatories; 2) directing that no further interrogatories, requests for production or requests for admission be propounded by Defendant to Plaintiff; and 3) directing that Plaintiff not be required to respond to any of the "numerous requests to supplement discovery except for the supplementation ordered by Magistrate Judge Borchers on June 22, 1993." (*See* Plaintiff's motion at 3).

The primary basis for Plaintiff's argument is that, at a hearing on March 11, 1992, United States District Judge Lewis T. Babcock ordered that no further interrogatories be propounded. This does not appear to be the correct interpretation of Judge Babcock's order. Rather, it appears to this Court, from a reading of the transcript of the March 11 hearing, that Judge Babcock limited the parties to 30 interrogatories in addition to those already propounded. (*See* Exhibit 1 to Defendant's Response, p. 10). This interpretation is bolstered by the Order Re: Joint Stipulated Plan and Schedule for Discovery (Plan), filed September 15, 1992, which states

that each party is limited to thirty interrogatories. Thus, Plaintiff's claim that it is entitled to a protective order because of Judge Babcock's March 11, 1992 oral order is without merit.

■ Plaintiff further claims that the interrogatories are annoying, oppressive and burdensome. Rule 26(c) requires that "good cause" be shown for a protective order to be issued. The burden is upon the movant to show the necessity of its issuance. *General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d 1204, 1212 (8th Cir.1973), *cert. denied,* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974); *American Benefit Life Ins. Co. v. Ille,* 87 F.R.D. 540, 543 (W.D.Okla.1978); 8 Wright & Miller, Federal Practice and Procedure § 2035 at 264 (1970). To establish good cause under Rule 26(c), courts have generally required a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements ..." 8 Wright & Miller, Federal Practice and Procedure § 2035 at 265 (1970); *See e.g., Reliance Insurance Co, v. Barrons,* 428 F.Supp. 200, 202–03 (S.D.N.Y.1977); *Davis v. Romney,* 55 F.R.D. 337, 340 (E.D.Pa.1972); *American Benefit Life Ins. Co. v. Ille,* 87 F.R.D. 540, 543 (W.D.Okla.1978). The movant must provide specific examples of harm that will be suffered because of the disclosure of the information. Broad allegations are insufficient. *U.S. v. Panhandle Eastern Corp.,* 118 F.R.D. 346, 349 (D.Del.1988). Good cause requires a showing that the disclosure will work a clearly defined and serious injury. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,* 529 F.Supp. 866 (E.D.Pa. 1981). Here, Plaintiff has failed to show that Defendant's amended second set of interrogatories are so oppressive or burdensome as to require a protective order.[1]

Plaintiff also seeks an order precluding Defendant from serving any further interrogatories, requests for production, or requests for admissions. The Plan provides that interrogatories and requests for production must be served "sufficiently early to allow rule time response, including additional time allowed for service by mail, on or before the date of completion of discovery." (*See* Ex-

hibit 3 to Defendant's Response, p. 5). The date for completion of discovery is November 15, 1993. Any additional interrogatories or requests for production would have had to be served no later than thirty days prior to that date, or no later than October 12, 1993. It is too late for either party to serve additional interrogatories or requests for production. Plaintiff's motion, therefore, is moot with respect to these types of discovery requests.

■ As to requests for admissions, the Plan provides that such requests must be served sufficiently early to allow rule time response "on or before the date of trial." (*See* Exhibit 3 to Defendant's Response, p. 3). At any rate, Defendant has not yet served any requests for admissions, nor has it indicated that it intends to do so in the future. There is no legitimate basis for the entry of a protective order at this time.

■ Finally, Plaintiff requests that she not be required to "respond to any of the numerous requests to supplement discovery ..." Fed.R.Civ.P. 26(e) imposes a duty on all parties seasonably to supplement their discovery responses. In addition, the Plan specifically states that "[t]he foregoing discovery deadlines do not abrogate the parties' duty under Rule 26(e), Fed.R.Civ.P., to seasonably amend and/or supplement prior responses to requests for discovery." (*See* Exhibit 3 to Defendant's Response, p. 4). Plaintiff has failed to show good cause for the issuance of an order which would eliminate her duty to supplement her discovery responses. There has been no showing that Defendant's requests for supplementation are inappropriate or oppressive.

## PLAINTIFF'S MOTION TO LIMIT NUMBER OF EXPERTS

On October 14, 1993, Defendant filed its designation of experts. Plaintiff seeks an order limiting the number of non-treating healthcare professionals Defendant may call at trial, arguing that it would be unduly burdensome for Plaintiff to conduct deposi-

---

1. The Court notes that only the amended second set of interrogatories is at issue, as Defendant has withdrawn its original second set of interrogatories, and Plaintiff has not requested relief as to any previous discovery requests.

tions of all experts witnesses Defendant has designated.

It appears that the parties have had some discussions concerning the matter of expert witnesses. Defendant indicated to Plaintiff that, although it was endorsing a rather long list of experts as a precaution, it anticipated dropping several medical experts after conducting further discovery. The parties also are considering a stipulation which would negate the need for two of Defendant's experts.

 Local Rule 7.1 A of the Local Rules of Practice of the United States District Court for the District of Colorado states that the Court will not consider any motion unless counsel for the moving party first has conferred with opposing counsel to resolve the disputed matter. The Local Rule further provides that "[c]ounsel for the moving party shall file a certificate describing specifically the efforts to comply with this rule." This rule reflects the belief that discovery in the federal courts is, of necessity, a process of cooperation between counsel. Judicial intervention is an avenue of last resort implicated only when the parties have made every effort to resolve disputes on their own. *See FDIC v. Clark*, 1988 WL 242653 (D.Colo. Dec. 13, 1988) (Finesilver, C.J.).

Here, Plaintiff's counsel did not attempt to confer with defense counsel before filing this motion, nor did he file a certificate of compliance. It appears that Defendant is willing to cooperate with Plaintiff in setting reasonable limitations on the number of experts to be called at trial, and that the parties could have resolved this issue without resorting to judicial intervention. Plaintiff's motion, therefore, will be denied at this time.

IT IS THEREFORE ORDERED that Plaintiff's motion for protective order is denied; and

IT IS FURTHER ORDERED that Plaintiff's motion to limit experts is denied without prejudice, and the parties shall confer, and Defendant shall, at a minimum, designate those experts it *will* call at trial, and those

which it *may* call at trial, no later than November 24, 1993.